DAHL, Administrator, etc. vs. THE MILWAUKEE CITY RAILWAY COMPANY.

*March 7 — March 31, 1885.*

*Street railways: Negligence: Killing of child: Contributory negligence of parents: Court and jury.*

> Upon the evidence in this case it is *held* that the question of the negligence of the defendant's servant, the driver of a street car which ran over and killed the plaintiff's intestate, a child between four and five years of age, and the question of the negligence of the parents of the child in leaving it in charge of its brother thirteen years old, should have been submitted to the jury. *Hoppe v. C., M. & St. P. R'y Co.* 61 Wis. 357.

APPEAL from the County Court of *Milwaukee* County.

May 26, 1883, a daughter of the plaintiff, aged four years and four months, was run over by one of the cars of the defendant company at or near the intersection of Walnut and Tenth streets, in the city of Milwaukee, causing her death. The plaintiff has been duly appointed administrator of the estate of his deceased daughter, and brings this action to recover damages for such killing, alleging that the death of his intestate was caused by the negligence of the defendant and of the driver of the team which drew such car.

The cause was tried before the court and a jury, and at the close of plaintiff's testimony the court granted a compulsory nonsuit. A motion for a new trial was denied, and judgment against the plaintiff for costs was entered, pursuant to the nonsuit. Plaintiff appeals from such judgment.

The testimony introduced on the trial tended to show the following facts: The plaintiff, with his family, consisting of his wife and six children, lived on the south side of Walnut street, near its intersection with Tenth street, and had resided there for several years. The plaintiff is a laboring man, and on the afternoon of the death of his child was at

work away from home. His oldest son, aged seventeen, was at work in his house, up stairs, making cigars. The next, aged fifteen, was at work in another portion of the city. Another son, Peter, aged thirteen, was at home. The mother, desiring to leave the house for the purpose of obtaining supplies for the family, took the deceased from the house and put her in the charge of Peter, who was sitting on the steps in front of the house, contiguous to the sidewalk on the south side of Walnut street. The mother then went upon her errand. The little girl sat by the side of Peter on the steps, and he talked and played with her for a time. In a short time thereafter she was missing. Peter made immediate search for her in the house and upon the premises, and just as he returned to the front of the house and called her, the accident happened. The car which ran over her was moving from the west on Walnut street towards Tenth, on a descending grade, the team going at a brisk trot. The child was run over near the usual crossing of Tenth street, on the south side of Walnut. There are double tracks of railway along Walnut street. The child was going north, and was run over on the south track. The attention of the driver was partly diverted at the time in making change for a lady passenger, but he saw the child on the track a short distance ahead of his team and used efforts to stop the team, but did not succeed in doing so in time to save her.

The foregoing are the main facts which the testimony tended to prove. There was testimony of many other facts and circumstances having some bearing upon the questions of negligence involved in the case, but it is deemed unnecessary to state them.

For the appellant there was a brief by *Austin & Runkel*, and oral argument by *Mr. Austin*.

For the respondent there were briefs by *E. P. Smith* and *Rogers & Mann*, and oral argument by *Mr. Smith*.

LYON, J.    The record does not show whether the nonsuit was ordered because the judge thought there was no evidence tending to show that the driver of the car was negligent, or because he was of the opinion that it was conclusively proved that those in charge of the child were guilty of negligence which contributed proximately to her death.    The case must, therefore, be considered in both aspects.

1. In order to determine whether the driver was negligent, it is necessary to consider the grade of the track; the velocity with which the car was moving; the extent to which the crossing of Tenth street is used as a thoroughfare by footmen; the facilities which the driver had to see a child upon the track at that point, and whether he ought not to have seen the deceased approaching the track earlier; the weight that should be given to any circumstances which momentarily diverted his attention; and whether he did all that could reasonably be required of him, after he discovered the deceased on the track, to avoid the injury.    Upon these, and perhaps upon other facts and circumstances, depends the solution of the question whether the driver was or was not guilty of negligence.    Under such circumstances the law is thoroughly well settled that the question is for the jury. *Hill v. Fond du Lac,* 56 Wis. 242; *Nelson v. C., M. & St. P. R'y Co.* 60 Wis. 320; *Knowlton v. Milwaukee City R'y Co.* 59 Wis. 278; *Hoppe v. C., M. & St. P. R'y Co.* 61 Wis. 357; *Parish v. Town of Eden, ante,* p. 272; and other cases in this court there cited.

2. Does the testimony prove conclusively that the mother of the deceased was negligent in leaving the child in the care of Peter during her temporary absence from her home?    This question is solved in the negative by the case of *Hoppe v. C., M. & St. P. R'y Co., supra,* which, in its facts bearing upon the question, is very much like this case.    Indeed, if there is any difference between them, the proof of the contributory negligence of the mother in that case is stronger

than it is here.  Yet it is there held that the question of her negligence was for the jury.  On the authority of that case, as well as of many other cases determined by this court, it must ·be held that it is not conclusively proved that the mother of the deceased was guilty of any negligence contributing directly to the death of her child.

It was error, therefore, to nonsuit the plaintiff, and we must reverse the judgment for that reason.

*By the Court.*— The judgment of the county court is reversed, and the cause will be remanded for a new trial.