MARY E. MATTEY *vs.* WHITTIER MACHINE COMPANY.

Suffolk.   November 10, 11. — 28, 1885.   DEVENS & GARDNER, JJ., absent.

A child six years and seven months old, who, while crossing a street in a city, and seeing a horse and wagon approaching, stops, with her back to the horse, to pick up a bundle which she has dropped, and is injured by being run over, cannot be said, as matter of law, to be guilty of such contributory negligence as will preclude her from maintaining an action for her injury, if the evidence is conflicting as to the speed at which the horse was being driven, and as to the distance of the horse at the time the child stopped to pick up her bundle; and the question whether she was in the exercise of due care is for the jury.

TORT for personal injuries occasioned to the plaintiff by the alleged negligence of the defendant's servant. Trial in the Superior Court, before *Knowlton,* J., who allowed a bill of exceptions, in substance as follows :

The plaintiff was six years and seven months old at the time of the accident. She testified that, on the day of the accident, she was walking on the right-hand sidewalk of Blossom Street in the city of Boston, from the direction of Cambridge Street towards Parkman Street; that when she came to the point where Blossom Street crosses Parkman Street, she looked to her right up Parkman Street, and saw a wagon of the defendant, opposite a stable, and coming down Parkman Street on a fast trot; that she had two bundles under her arms; that she then started to go across Parkman Street; that when she was about half-way across Parkman Street she dropped one of her bundles;

that she stooped to pick it up, when she heard a woman cry, " Stop, mister! little girl is picking up her parcel ; " and that, while she was trying to pick up the bundle, the wagon ran over her and broke her leg.   On cross-examination, she testified that, first, she dropped her bundle; then she heard the woman cry out; then she looked and saw the team coming, still on the trot, and not more than across the court-room, — which it was admitted was thirty feet, — but did not notice how the driver was looking; then she stooped with her back to the horses to pick up her bundle, and was run over by the wagon.

There was uncontradicted evidence that Parkman Street at this point was seventeen and twenty-four one-hundredths feet wide from curb to curb, and was paved with cobble-stones ; that the wagon weighed four thousand eight hundred pounds ; and that said stable was two hundred and fifty feet off.

The driver of the wagon testified, for the defendant, and there was other evidence to the same effect, that he was walking his horses.   He also testified that, when he drove to and over the crossing, the plaintiff was not on the crossing or on the sidewalk ; that when he was on Blossom Street, about twenty feet from the crossing, he heard a cry from a woman, looked around, and saw no child ; that the wagon moved on a few feet, and then, on looking around, he saw the plaintiff on the ground, behind the wagon and between the track of the wheels.

One Moody, a man then employed in unloading a wagon on the easterly side of Blossom Street, about one hundred and twenty-five feet south of Parkman Street, testified that he heard the woman cry, looked up, and saw the plaintiff on the ground behind the wagon in Blossom Street, and about thirty feet south of Parkman Street; and that she seemed to be trying to pick up her bundles, and the driver was then pulling in his horses.

The defendant asked the judge to rule that there was no evidence on which the jury could find that the plaintiff was in the exercise of due care ; and that she was, as matter of law, guilty of contributory negligence, and could not recover.

The judge refused so to rule, but left the question of contributory negligence on the part of the plaintiff to the jury, as a question of fact.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. C. Ropes,* for the defendant.

*L. M. Child,* (*T. E. Barry* with him,) for the plaintiff.

MORTON, C. J. We cannot say, as matter of law, that the plaintiff, by stopping to pick up her bundle, was guilty of contributory negligence which prevents her recovering in this action. In some cases, when all the circumstances attending the act and the situation of a plaintiff are settled and undisputed, and these circumstances show, according to the common experience of all men, that the plaintiff was careless, the court has held, as matter of law, that he could not recover. But such is not this case. There was conflicting evidence at the trial as to the speed with which the defendant's servant was driving, and as to the distance of his horse and wagon at the time the plaintiff stopped to pick up her bundle. It was the province of the jury to determine these facts, and the law leaves to their judgment and experience the inference whether or not, upon the circumstances which they found to exist, the plaintiff was using such care as is reasonably to be expected of one of her years. The case was properly submitted to the jury.

*Exceptions overruled.*