LARKIN O. MERRYMAN, by his Next Friend, Appellant, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellee.

**Negligence:** INJURY TO MINOR: CONTRIBUTORY NEGLIGENCE: DIRECTING VERDICT. A turntable, owned by the defendant, which was situated within four or five hundred feet of its depot in the town of K., near a public highway, and in the vicinity of a ball ground, and a stream of water to which boys were accustomed to resort for fishing and skating, was fastened by a pair of iron clamps, connecting the ends of the rails on the table, by means of a loop and pin, with the corresponding ends of the rails on the embankment adjacent thereto. After a number of boys, under twelve years of age, had removed said fastenings, and had set the table in motion by pushing, they were joined by the plaintiff, a lad of thirteen years, who jumped upon the table while in motion, lay down thereon with his head toward the center, and his legs projecting over the end, and was immediately injured by having his legs caught between the table and the embankment. In an action to recover for such injury, the plaintiff admitted that he knew that the space between the ends of the table and the embankment was but one and one-half inches, and that if his leg was caught

between them it would be crushed, and that if he had thought of the danger he could and would have avoided it, but that he did not think of it because he was having fun. *Held*, that the plaintiff was guilty of negligence contributing to the injury, and the evidence being uncontroverted, the court properly instructed the jury to find for the defendant.

*Appeal from Jasper District Court.*—HON. D. RYAN, Judge.

THURSDAY, MAY 26, 1892.

ACTION to recover damages for personal injuries sustained by the plaintiff, and alleged to have been caused by negligence on the part of the defendant. When the evidence for the plaintiff had been fully submitted, the court sustained a motion to instruct the jury to return a verdict for the defendant. A verdict was returned as directed, and judgment was entered in favor of the defendant for costs. The plaintiff appeals.—*Affirmed.*

*Alanson Clark*, for appellant.

*Thomas S. Wright* and *H. S. Winslow*, for appellee.

ROBINSON, C. J.—In March, 1889, the defendant maintained a turntable on its grounds at the town of Kellogg. The turntable was about forty-five feet in length, weighed from ten to fifteen tons, and rested on a central pivot. Under each end was a wheel so placed that it revolved on a circular track below, if brought in contact with it when the table was in motion. The upper surface of the rails on the table was about four feet above the circular track when the table was level. Each wheel was about one and one-half inches above that track, but a moderate weight on either end would depress it until the wheel rested on the track. The table when not fastened was easily made to revolve. When in position for use, each end was opposite an embankment on which was a track over which the locomotive engines were moved to and from the table.

The only means of fastening the table were a pair of iron clamps. They were used by placing one, to which a loop was attached, on one side of the end of a rail on the table, and the corresponding end of a rail on the embankment, in such a manner that the loop passed between the ends projecting on the opposite side of the rails. The other clamp, called the "pin," was then passed along that side, through the loop, and the fastening was thus made complete. The pin weighed several pounds, but could be removed from the loop easily, and when that was done the fastening was unloosed.

The town of Kellogg contained nearly one thousand inhabitants, and was chiefly northeast of the depot, and the table was four or five hundred feet southwest of it. Southwest of the table was a stream of water and a dam. A few houses of the town were south of the main line of the defendant, but none of them were in the immediate vicinity of the table. A public highway was near it. The stream afforded fishing in summer, and skating in winter, and there was a grove, and had been ball grounds, in the locality. It was the custom for boys and others, in going from the town to the stream, grove, and ball grounds, and in returning, to pass within a distance of from thirty to one hundred feet of the table; and it was a common practice for boys to play on and about the table, although it does not appear that the defendant ever encouraged or approved the practice. In the month named, four boys, of whom the oldest was about eleven years of age, went to the table, pulled out the pin, and commenced to turn the table. They were soon joined by the plaintiff and others, until the number of boys present was twelve or more, and some time was spent in playing with the table, some of the boys pushing, thus causing it to turn, while others rode upon it. The plaintiff pushed for a time, and while the table was in rapid motion climbed upon it, and laid down with his

head towards the center and his legs projecting over the end. Immediately one of his legs was caught between the table and an embankment, and received an injury which is severe and permanent. This action is brought in the name of the plaintiff by his next friend to recover for the injuries thus sustained.

The only ground of the motion for a verdict which we find it necessary to consider is stated as follows: "The evidence shows without conflict that the plaintiff was guilty of negligence contributing to the injury complained of." At the time of the accident plaintiff was thirteen years, one month and ten days old, and appears to have had the intelligence and understanding usually possessed by boys of that age. One of the smaller boys had his heel caught in the table, and was sent away. Another boy, about seven years of age, was also made to leave to avoid accident. A few minutes before the plaintiff was hurt the boys were told to leave by a man named Wilson, and warned that they were in danger of being hurt. The plaintiff denies knowledge of these incidents, and it must be presumed that he was ignorant of them. He says he had never been told not to play on the table, and did not know that it was dangerous to do so. But he admits that he knew that when the ends of the table were opposite the embankment the space between the table, when level, and the embankment was but one and one-half inches; that he knew if his leg were caught between them it would be crushed; that he knew that it was dangerous to allow his legs to project beyond the end of the table; and that, if he had thought of the danger, he could and would have avoided it. The only reason he gives for not doing so is that he was having fun, and did not think of it. It thus appears that he knew the danger, and comprehended the result of permitting his leg to be caught as it was, and that slight care on his part, which he was fully capable of exercising, would have

avoided it. The law imposes upon minors the duty of giving such attention to their surroundings and care to avoid danger as may fairly and reasonably be expected from persons of their age and capacity. *McMillan v. B. & M. R'y Co.*, 46 Iowa, 232; *Washington & G. R'y Co. v. Gladmon*, 15 Wall. 407; *Reynolds v. Railroad Co.*, 58 N. Y. 252; *Hickey v. Taaffe*, 105 N. Y. 37, 12 N. E. Rep. 286; *Dowd v. Chicopee*, 116 Mass. 96; *Messenger v. Dennie*, 137 Mass. 197. In *Masser v. Chicago, R. I. & P. R'y Co.*, 68 Iowa, 605, it was held that a boy eleven years old was guilty of contributory negligence in playing or lounging between two parallel railway tracks twelve feet apart; and in *Reynolds v. Railroad Co.*, *supra*, it was held that a boy twelve years old was negligent in attempting to cross certain railway tracks when trains were approaching. There are numerous cases which hold that the question of negligence on the part of minors is for the jury to determine, and such is the rule where the ability of the minor to comprehend the result of his acts and the danger to which they will expose him is controverted. But this case involves no question of that kind. A little attention to his surroundings would have shown the plaintiff his danger. He fully understood what would happen to his leg if caught between the table and the embankment, and some care on his part would have been sufficient to avoid all danger. The fact that his attention was diverted by the play in which he was engaged did not excuse his failure to exercise, at least, the slight degree of care which was needed for his protection. The conclusion is irresistible that the proximate cause of the accident was a want of that attention and care on his part which his knowledge and judgment required him to exercise.

The motion to instruct the jury was rightly sustained on the ground we have considered. The judgment of the district court is, therefore, AFFIRMED.