The Cleveland, Cincinnati, Chicago and St. Louis Railway Company *v.* Klee.

[No. 18,737.   Filed Feb. 23, 1900.   Rehearing denied April 4, 1900.]

Negligence.—*Infants.—Non Sui Juris.*—It cannot be said as a matter of law that a child nine years of age is either capable or incapable of negligence. *p. 432.*

Same.—*Complaint. — Contributory Negligence. — Infants. — Non Sui Juris.*—A complaint in an action for personal injuries alleging that plaintiff by reason of his immature age, judgment, and experience did not comprehend the danger of the situation, and was incapable of negligence in the premises, is not bad for failing to allege that plaintiff was free from negligence contributing to his injury. *p. 432.*

Same.—*Non Sui Juris.—Contributory Negligence.*—Where in an action for personal injuries a paragraph of complaint charged that plaintiff was *non sui juris,* and incapable of negligence, a finding that plaintiff was capable of contributory negligence would defeat the action on that paragraph whether he was shown to be guilty thereof or not. *p. 432.*

NEGLIGENCE.—*Violation of City Ordinance.—Proximate Cause.—Complaint.*—A complaint in an action for personal injuries charging the violation of a city ordinance as one of the elements of defendant's negligence is not rendered bad by its failure to show that the violation of the ordinance was the proximate cause of plaintiff's injury. *p. 433.*

SAME.—*Contributory Negligence.—Proximate Cause.—Railroads.*—A complaint against a railroad company for personal injuries alleging that the defendant ran its locomotive against plaintiff, and negligently dragged him 200 feet, although by the exercise of care and caution it could have stopped the locomotive before plaintiff was injured, states a cause of action, although plaintiff was guilty of negligence in being upon the track, since such negligence on the part of plaintiff was not the proximate cause of the injury. *pp. 433-435.*

SAME.—*Instructions.—Railroads.*—An instruction in an action against a railroad company for an injury received at a railroad and street crossing that if defendant's servants saw plaintiff on the track, and saw that his attention was diverted from the approaching engine in time to have stopped, by the exercise of ordinary care, before striking plaintiff, the jury would be justified in finding that defendant was guilty of negligence was erroneous. *pp. 435-437.*

From the Hancock Circuit Court.     *Reversed.*

*John T. Dye, B. K. Elliott* and *W. F. Elliott,* for appellant.

*R. A. Black* and *W. J. Beckett,* for appellee.

BAKER, J.—In Indianapolis appellant maintains a line of railroad in Georgia street. Helen street runs north and south and crosses Georgia street at right angles. On June 22, 1894, at this crossing, appellee, a boy nine years of age at the time of the injury, was struck by appellant's switch-engine. This action was begun on Decemer 11, 1895, in the Marion Superior Court, and the venue was changed to the Hancock Circuit Court. The complaint is in six paragraphs, the last charging a wilful injury and the others counting on negligence. Appellant's demurrer to each of the first five paragraphs for want of sufficient facts was overruled. Answer of general denial. General verdict for appellee for $5,000. Appellant's motion for a new trial was overruled. The errors assigned are the rulings on the demurrer and the motion for a new trial.

Objection is made to the first paragraph because it does not allege that the plaintiff was free from contributory negligence. This paragraph avers in substance that the plaintiff, a boy nine years old, was of such immature age, judgment and experience that he did not comprehend and appreciate the danger of the situation and was incapable of negligence in the premises. A child nine years old has passed the age when the law conclusively affirms that he is incapable of negligence; and, on the other hand, he has not reached the age when the law definitely pronounces his conduct negligent or prudent by the rules applicable to adults. Regarding the conduct of a child between the age when he is conclusively presumed to be incapable of negligence and the age when he is conclusively presumed to be negligent under the same circumstances that would reveal an adult's negligence, the law is neutral; it lays down no conclusive presumption. Of such a child it can not be said as a matter of law that his age shows him either incapable or capable of negligence. That question is to be determined as a fact in every such case. Beach Contr. Neg. (3rd ed.), §§21b, 117, 136; Patterson Ry. Acc. Law §§70-73; *Indianapolis, etc., R. Co.* v. *Pilzer,* 109 Ind. 179; *Indianapolis, etc., R. Co.* v. *Wilson,* 134 Ind. 95; *Terre Haute St. R. Co.* v. *Tappenbeck,* 9 Ind. App. 422; *Bridger* v. *Ashville, etc., R. Co.,* 25 S. C. 24; *Missouri, etc., R. Co.* v. *Rodgers* (Tex. Civ. App.), 39 S. W. 383; Note to *Atchinson, etc., R. Co.* v. *Hardy,* 94 Fed. 294, 37 C. C. A. 362-8. The averment of the plaintiff's incapacity was therefore an averment of fact and not a legal conclusion. With this averment in the paragraph, it was not necessary to allege that plaintiff was free from negligence contributing to his injury. The case in this first paragraph is of one who is *non sui juris,* and would be defeated by a finding that plaintiff was capable of contributory negligence whether in fact he was guilty thereof or not.

The sufficiency of the second paragraph is challenged on the ground that it does not state that plaintiff was injured

without contributory negligence on his part. An examination of the paragraph, however, discloses that a direct averment to that effect is made and that no specific facts in repugnance thereto are alleged.

The third paragraph is said to be insufficient because it counts on the violation of an ordinance as the actionable negligence of appellant and then fails to show that such violation was the proximate cause of plaintiff's injury. The violation of the ordinance was merely one of several elements in the appellant's negligence as charged in this paragraph. As was said in *Cleveland, etc., R. Co.* v. *Gray*, 148 Ind. 266, 271: "Because the particular act of negligence prohibited by the statute is included in the sum total of negligent acts charged against appellant, it does not follow that the theory of the complaint is thereby confined and limited to the statutory offense charged."

The fourth paragraph charges: "That on or about the 22nd day of June, 1894, this plaintiff, a child of nine years of age, was on said crossing of Georgia and Helen streets, and upon said track of said defendant in said Georgia street without fault or negligence on his part, and while in said position and place, and while in plain view of defendant's servant in control of and managing said locomotive and while seen and distinguished by said defendant's said servant in time to have stopped said locomotive by the exercise of due care, and avoided injury to this plaintiff, the said defendant, through and by its said employes and servants, negligently approached said plaintiff with said locomotive belonging to this defendant, and negligently ran its locomotive against and onto this plaintiff, and negligently dragged this plaintiff a long distance, to wit, 200 feet; and negligently ran onto the right leg of this plaintiff, and negligently injured and crushed the said right leg of this plaintiff then and there,—all without fault or negligence on the part of this plaintiff." This paragraph charges that appellant's servants saw plaintiff on the track in time to have stopped the engine before reach-

ing him, but failed to do so. At that point of time plaintiff, though upon the track, was not in a condition of peril unless he was prevented by some physical or other incapacity from using ordinary care to get off from the track. A child nine years old is not presumed to be *non sui juris*. No facts are alleged showing that he was incapable of understanding the peril that might result from continuing to stand on the track. It is not alleged that he did not see and hear the approaching engine. It is not stated that he did not have the ability and opportunity to step from the track long before the engine would reach the crossing. Nothing is shown in this paragraph that would cause the engineer to doubt his right to rely upon the presumption that plaintiff would heed what he saw and heard and would step from the track in time to avoid injury. *Ulrich* v. *Cleveland, etc., R. Co.*, 151 Ind. 358; *Cleveland, etc., R. Co.* v. *Miller*, 149 Ind. 490; *Ohio, etc., R. Co.* v. *Walker*, 113 Ind. 196; *Meredith* v. *Richmond, etc., R. Co.*, 108 N. C. 616, 13 S. E. 137; *St. Louis, etc., R. Co.* v. *Christian*, 8 Texas Civ. App. 246, 27 S. W. 932; *Texas, etc., R. Co.* v. *Breadow*, 90 Texas 26, 36 S. W. 410; *Sheehan* v. *St. Paul, etc., R. Co.*, 76 Fed. 201, 22 C. C. A. 121.

It is alleged in the fifth paragraph: "That on or about the 22nd day of June, 1894, this plaintiff, a child nine years of age, was on the said crossing of Georgia and Helen streets and upon said track of said defendant in said Georgia street; and while in said position and place, the defendant through and by its said employes and servants, ran said locomotive against this plaintiff and negligently dragged this plaintiff without fault or negligence on his part, a long distance, to wit, 200 feet; that the defendant knew that it had run its locomotive against this plaintiff at said crossing; and knew that it had knocked this plaintiff down in front of its said locomotive upon its said track; and knew that this plaintiff was dragging in front of said locomotive on said track; but that this defendant negligently failed to stop

said locomotive before this plaintiff was injured, although
by the exercise of due care and caution it could have stopped
said locomotive before this plaintiff was injured; but negli-
gently dragged this plaintiff as aforesaid, without fault or
negligence on the part of this plaintiff, and negligently in-
jured this plaintiff in his body, back and limbs." The injury
for which compensation is sought in this paragraph was not
sustained in the collision at the crossing, but was wholly
inflicted after appellant knew that appellee was being
dragged along the track in front of the engine. By the exer-
cise of due care appellant could have stopped the engine
before appellee was injured, but failed to do so. Appellee,
after being struck and while being dragged along the track,
was free from fault contributing to his injury. These alle-
gations constitute a cause of action. Though the paragraph
confesses, by not denying, that appellee was guilty of negli-
gence in being upon the track, that negligence was only
the remote condition, not the proximate cause, of the injury
complained of; for the injury resulted, after the collision,
entirely from occurrences in which it is alleged that appel-
lant was negligent and appellee was not.

The questions arising on the motion for a new trial relate
to instructions. In the main they are accurate and clear;
but in one respect, at least, there seems to be an irreconcila-
ble antagonism. At one point the court charged the jury:
"The persons in charge of the engine, even if they saw the
said Frank Klee on the track, had a right to presume that
he would leave the track in time to avoid injury, and they
cannot be regarded as negligent if they acted upon that pre-
sumption, unless it appeared to them that he was in a help-
less condition or was of such tender years as not to have
sufficient intelligence to understand the danger and step
from the track". At another place: "If you find from the
evidence that plaintiff Frank Klee was standing upon the
defendant's track at the place of the happening of the acci-
dent, if any, and that his attention was diverted from the

engine which was approaching him from the west, and that he was looking to the southeast with his back to said approaching engine, and that his position and the fact that his attention was drawn in another direction, if it was, was seen and known by the defendant's servants in charge of said engine in time to have stopped the same by the exercise of ordinary care before striking and injuring the said Frank Klee, if at all, and said servants in charge of said locomotive failed to so stop the same, you would be justified in finding that the defendant was guilty of negligence in the premises." Under the authorities cited in reference to the fourth paragraph of the complaint, the instruction first quoted states with substantial correctness the law applicable to this case. The first paragraph of complaint counted on appellee's being *non sui juris;* and the other paragraphs that were based on appellant's negligence treated appellee as being capable of exercising and as having exercised care to avoid injury. The question of appellee's capacity to exercise care was a fact in issue, and the court instructed the jury fully and fairly on that subject so far as it affected the question of appellee's contributory negligence. But in the instruction last quoted, in stating certain conditions under which appellant would be guilty of negligence, the condition that appellee might be found to be "of such tender years as not to have sufficient intelligence to understand the danger and step from the track" was entirely omitted. The instruction, to be good, must therefore be applicable to one who may be capable of exercising care to protect himself. The condition that appellee's "attention was diverted from the engine which was approaching him from the west" does not negative but rather affirms the condition that he knew of the approach of the engine before his attention was diverted. The appellant's negligence is not conditioned on the fact that the servants knew or had reason to believe that appellee was unaware of the engine's approach, or that he would fail to heed signals, or that he was unable to act upon warnings to get

Sterling Remedy Co. *v.* Wyckoff.

off from the track if he did hear or see them; but is conditioned solely on appellee's being upon the track and giving his attention to something else than the approaching engine and on the failure of the servants, who had knowledge thereof, to stop the engine before reaching the place where appellee was standing when they might have done so if they had made reasonable use of the facilities at hand for that purpose as soon as they saw appellee. In other words, the instruction says that the servants in charge of the engine, upon seeing a person on the track, although he is not, and although the servants have no reason to believe that he is, either *non sui juris* or otherwise incapable of caring for himself by stepping a foot or two so as to get off from the track, are bound to presume, if they see that his attention is diverted from the approaching engine, that he not only is unaware of the approaching engine, but will give no heed to signals by whistle or bell or voice, and, though foot-loose and erect, will remain rooted to the spot until he is run over, so that nothing short of stopping the engine will relieve them from the imputation of negligence. For error in giving this instruction and for error in giving conflicting instructions, the motion for a new trial should have been sustained.

Judgment reversed, with directions to sustain the demurrer to the fourth paragraph of the complaint, and to proceed further not inconsistently with this decision.