## CITIZENS STREET RAILROAD COMPANY *v.* RAYMOND J. HAMER, BY FLORA HAMER, HIS NEXT FRIEND.

[No. 3,799.   Filed January 31, 1902.   Transfer denied June 24, 1902.]

NEGLIGENCE.—*Street Railroads.—Injury of Child on Track.*—A child seven years old started to cross a double track street railroad; his attention was attracted by a car coming from the north and was struck and injured by a car coming from the south; the motorman on the car coming from the north saw the boy and rang the gong; the motorman on the car from the south saw the boy when the car was five or ten feet distant, and made no effort to stop the car at that time, and ran about 100 feet beyond the point of collision before stopping. *Held*, that the question of negligence on the part of the motorman was one of fact to be determined by the jury. *pp. 427–430.*

SAME.—*Street Railroads.—Injury of Person on Track.*—The presumption that a person on a railroad track will heed an approaching car and avoid danger applies with much greater force in case of an adult than an infant, and with less force to a person upon a street railway than a steam railroad; and such presumption does not operate to release a motorman from the exercise of due care, in view of known observable facts. (*Citizens St. R. Co.* v. *Carey*, 56 Ind. 396, distinguished.) *pp. 430, 431.*

SAME.—*Street Railroads.—Injury to Child on Track.—Contributory Negligence.*—The question whether an infant of tender years has exercised due care in a given case, so as to be free from the imputation of contributory negligence, is one of fact, to be submitted, under proper instructions, to the jury. *p. 435.*

SAME.—*Street Railroads.—Injury of Child on Track.*—A child was struck by a street car moving at the rate of five miles an hour. The motorman could have stopped the car after the collision and before the child's leg was crushed, but needlessly carried the child under the car for a distance of 100 feet. *Held*, that contributory negligence on the part of the child in the first instance would not defeat a recovery by plaintiff for injuries sustained. *pp. 435–437.*

TRIAL.—*Instructions.—Harmless Error.*—An instruction in an action against a street railroad for personal injuries, after stating plaintiff's theory as to contributory negligence, concluded "then your finding should be for the plaintiff," instead of concluding "then

your finding should be for plaintiff upon the issue of contributory negligence." *Held*, that the defect in the instruction did not amount to reversible error. *p. 437.*

From Marion Superior Court; *J. M. Leathers,* Judge.

Action by Raymond J. Hamer, by next friend, against the Citizens Street Railroad Company for damages for personal injuries. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*F. Winter, W. H. H. Miller, J. B. Elam, J. W. Fesler, S. D. Miller* and *W. H. Latta,* for appellant.

*F. W. Ballenger, J. E. McCullough, F. J. Reinhard* and *J. O. Spahr,* for appellee.

Roby, J.—The appellee, the plaintiff, who brought this suit by next friend to recover damages for personal injuries, was seven years, one month, and four days old at the time his injuries were received. He was of average intelligence, size, and vigor, with good sight and hearing. He had occasion to cross a street in Indianapolis known as Virginia avenue. He was not in the habit of crossing at that point, but had done so a number of times in company with older boys, and had been told that it was a dangerous place. The appellant has a double-track railway along the street. The west track was used by cars going south, and the east track by cars going north. The viaduct was immediately south, and the grade was descending to the north. The tracks were separated over the viaduct by a low railing, and were farther apart than is usual. The appellee went across the railway from the west side of the street to the first track, fifteen feet four inches, across the track four feet nine inches, across the intervening space ten feet six inches, and upon the second track, where he was struck by a north bound car. The motorman saw him when the car was five or ten feet distant. He did not make any effort to stop it at that time, and ran about 100 feet north of the point of collision before stopping. It was a clear day, and there

was no obstacle to prevent the motorman from seeing appellee when he was 300 feet south, and nothing to prevent appellee from seeing the car at the same distance, if he had looked. A car going at fifteen miles an hour could have stopped in from twenty to twenty-seven and one-half feet. The car in question was moving at the rate of five miles an hour when it struck appellee. His leg was cut off, as shown by marks on the rail, after he had been carried by and under the car a greater part of the 100 feet. The motorman did not sound his gong and did not see the appellee until within five or ten feet of him, being engaged in conversation with an occupant of his car. When the plaintiff started across the street a south bound car was from 80 to 100 feet north of him. The motorman of this car rang the gong loudly and continuously until the accident occurred, and some of the passengers observing the appellee's peril shouted. Appellee either ran or walked rapidly, and looked toward the car where the noise was being made during the entire time occupied by him as aforesaid. It was averred and found that he was confused, and his attention attracted away from the north bound car, and that he thereby failed to discover his danger. This synopsis of facts is sufficient to indicate the legal proposition upon which the decision depends. A demurrer was overruled to the complaint. Trial by jury. Verdict for appellee fixing damages at $5,500, with answers to eighty-one interrogatories. Appellant's motion for judgment, notwithstanding the general verdict, was overruled. Judgment on general verdict. Motion for new trial overruled.

It is argued that there was no actionable negligence averred, that the evidence failed to show any such negligence, and that the interrogatories and their answers negative it. This contention can be considered only in the light of the law as to the right of a street railway in the highway and its duty towards other persons thereon. Street rail-

ways are held not to create an additional burden upon lands dedicated to highway purposes. Upon the theory that such use of the street is identical in character with its use by other persons and vehicles, compensation to the landowner is denied. *Chicago, etc., R. Co.* v. *Whiting, etc., St. R. Co.,* 139 Ind. 297, 26 L. R. A. 337, 47 Am. St. 264; *Magee* v. *Overshiner,* 150 Ind. 127, 40 L. R. A. 370, 65 Am. St. 358. It follows that a street railway company has no superior right in the highway but stands upon equal terms with others lawfully using it. Its duty towards others lawfully using the street is determined by reference to the circumstances of each case. Thompson on Neg., §1344. The street car has the right of way over that portion of the highway occupied by its track because the character of the vehicle and the condition of its use render such priority reasonable. Other persons using the street are not, however, excluded from using that portion thereof upon which the track is laid. *De Lon* v. *Kokomo City St. R. Co.,* 22 Ind. App. 377. "The cars have the right of way in case of meeting vehicles or persons on the track, but each party is bound to exercise such ordinary care, prudence, and precaution to avoid injury as the surrounding circumstances may require." *Thompson* v. *Salt Lake, etc., Co.,* 16 Utah 281, 40 L. R. A. 172, 67 Am. St. 621. The streets are open to the free use of persons of all ages and the railway company is bound to run its cars with due regard to the rights of infirm persons and children of tender years. *Citizens St. R. Co.* v. *Stoddard,* 10 Ind. App. 278; *Government St. R. Co.* v. *Hanlon,* 53 Ala. 70, 81; *O'Mara* v. *Hudson River R. Co.,* 38 N. Y. 445, 449, 98 Am. Dec. 61; *Krenzer* v. *Pittsburgh, etc., R. Co.,* 151 Ind. 587, 68 Am. St. 252. The appellant was therefore required to use reasonable care in view of all the circumstances and the same duty rested upon the appellee. Thompson on Neg., §1378.

Appellee started across the street. His attention was directed to the car coming from the north; the motorman on

the car coming from the south might as well have seen and known appellee's danger, and the preoccupation making him unaware of it, as the motorman and the passengers on the opposing car. Had he done so, it was within his power to have checked the speed of his car, or stopped it entirely if necessary, and thereby averted the accident. Whether under all the conditions the motorman did exercise reasonable care in discovering plaintiff's situation, and in his action in regard to it, was a question of fact upon which the verdict of the jury is conclusive. *Shenners v. West Side St. R. Co.,* 78 Wis. 382, 47 N. W. 622; *Mason v. Minneapolis St. R. Co.,* 54 Minn. 216, 55 N. W. 1122; *Dahl v. Milwaukee City R. Co.,* 62 Wis. 652, 22 N. W. 755; *Galveston City R. Co.* v. *Hewitt,* 67 Tex. 473, 3 S. W. 705, 60 Am. Rep. 32; *Erie City R. Co.* v. *Schuster,* 113 Pa. St. 412, 6 Atl. 269, 57 Am. Rep. 471;, *O'Flaherty* v. *Union R. Co.,* 45 Mo. 70, 100 Am. Dec. 343; *Ihl* v. *Forty-Second St. R. Co.,* 47 N. Y. 317, 7 Am. Rep. 450; *Government St. R. Co.* v. *Hanlon,* 53 Ala. 70; *Citizens R. Co.* v. *Foxley,* 107 Pa. St. 537; *Rosenkranz* v. *Lindell R. Co.,* 108 Mo. 9, 18 S. W. 890, 32 Am. St. 588; *Johnson* v. *Reading City R. Co.,* 160 Pa. St. 647, 28 Atl. 1001, 40 Am. St. 752; *Weissner* v. *St. Paul City R. Co.,* 47 Minn. 468, 50 N. W. 606.

Appellant asserts that it was the appellee's duty to keep off the track; that the motorman had a right to assume that he would do so, and therefore was not obliged to check up or stop the car, and not negligent in failing to see appellee inasmuch as if he had seen him the presumption would have still controlled. It cites in the support of this proposition *Citizens St. R. Co.* v. *Carey,* 56 Ind. 396. The facts upon which that case was decided were that the driver of a horse-car saw a child standing near the track, where, in the ordinary course of events, no harm would have come to her. There was nothing in the situation which indicated an attempt to cross the street or otherwise to incur danger.

The court held that in the absence of some such. indication the conduct of the driver in proceeding in a usual and careful manner was not negligent. It was said "that as soon as the driver was aware of her moving toward the track he made every possible effort to stop the car."

The distinction between the two cases is too obvious to require statement. Had the motorman looked toward the appellee he would have seen a seven year old child with face averted hastening toward a point immediately in front of the electric car. Whether there was that, in the situation and appearance of the appellee, indicating an attempt to cross the street and tracks in such manner as to put the motorman on guard to avoid collision, was a question of fact. That fact, having been found by the jury, must be taken as established, if there was evidence supporting the finding. It is only when the verdict is without support that this court may disregard it. The presumption is that a person who sees an approaching car will heed what he sees and step from the track. The rule has been many times expressed and applied to persons on the track of a steam railroad. *Cleveland, etc., R. Co.* v. *Klee,* 154 Ind. 430, and authorities cited on p. 434. The presumption in such cases only obtains when there is nothing to indicate the contrary. *Cincinnati, etc., R. Co.* v. *Long,* 112 Ind. 166, 174; *Pittsburgh, etc., R. Co.* v. *Judd,* 10 Ind. App. 213, 222. It applies with much greater force to an adult than to an infant *(Wallace* v. *Suburban R. Co.,* 26 Ore. 174, 37 Pac. 477, 25 L. R. A. 663); and with less strength to one upon the track of a street railway than to one upon the crossing of a steam railroad *(Evansville St. R. Co.* v. *Gentry,* 147 Ind. 408, 37 L. R. A. 378, 62 Am. St. 421; *Marchal* v. *Indianapolis St. R. Co.,* 28 Ind. App. 133). It does not operate to release the motorman from the exercise of due care in view of known or observable facts; so to hold would be to announce a doctrine at variance with the dictates of humanity and without support in law.

The Supreme Court expresses the true rule as follows: "We quite agree that if the driver of the express wagon saw the appellant standing in the street, it was his duty to turn out and not drive his wagon upon him, and if the facts presented a case in which it appeared that the driver, after seeing the appellant, had any reasonable ground to apprehend that he was not aware of the approaching wagon, and was unconscious of the danger that was imminent, a recovery would have been justified notwithstanding the antecedent negligence of appellant." *Evans* v. *Adams Express Co.,* 122 Ind. 362, 366, 7 L. R. A. 678. "If the motorman, when he saw appellant on the track, had reason to believe that he was unconscious of the danger or unable to avoid it, it was his duty to use every reasonable effort to stop the car and arouse the attention of the appellant." *De Lon* v. *Kokomo City St. R. Co.,* 22 Ind. App. 377, 381.

It is well within the authorities to hold that the question of the motorman's negligence in failing to take steps to avert the accident was one of fact. The allegations of the complaint are not confined to negligence of the motorman in failing to avert the collision, but it is further charged: "But notwithstanding all of these facts said motorman negligently permitted and caused said car to move along on said track until said car struck this plaintiff, and then continued so to move until it had pushed and carried said plaintiff along the track in front of the wheels of said car for a great distance, to wit, 100 feet, and finally run upon and over the plaintiff." This allegation if it stood alone would make a good complaint, and being supported by evidence sustains the verdict and judgment. If the appellee were held to have been guilty of negligence in being upon the track, such negligence was only a remote conclusion, and not a proximate cause of injury, resulting after the collision entirely from occurrences caused by the unmixed negligence of appellant. *Cleveland, etc., R. Co.* v. *Klee,* 154 Ind. 430. The complaint does not proceed upon the

theory that appellee was *non sui juris*. Incapacity is matter of fact, not a conclusion of law, and should be averred if relied upon. *Cleveland, etc., R. Co.* v. *Klee, supra.* The question is, then, whether or not appellee exercised such reasonable care as should have been exercised by one of his age and capacity. *City of Elwood* v. *Addison,* 26 Ind. App. 28.

It is further contended that, even if the motorman was negligent, there can be no recovery because of contributory negligence by the appellee. It is averred in the complaint "that, at the time this plaintiff left the sidewalk as aforesaid, there was a car approaching the point where he crossed along the southerly track of said street railway, from the northwest, and on moving in a southeasterly direction that the plaintiff was confused by, and his face and his attention was attracted toward the car last mentioned, and in the opposite direction from that of the car that struck him, and on account of his so being so confused, and of his attention being so attracted, he failed to see or observe the approach of the car that struck him."

The measure of appellee's duty, stated in language borrowed from an opinion of the Supreme Court of the United States was as follows: "There is, however, another and very satisfactory reason for the refusal to comply with the prayer. The rule of law in regard to the negligence of an adult, and the rule in regard to that of an infant of tender years is quite different. By the adult there must be given that care and attention for his own protection that is ordinarily exercised by persons of intelligence and discretion. If he fails to give it, his injury is the result of his own folly, and can not be visited upon another. Of an infant of tender years less discretion is required, and the degree depends upon his age and knowledge. Of a child of three years of age less caution would be required than of one of seven, and of a child of seven less than of one of twelve

or fifteen. The caution required is according to the maturity and capacity of the child, and this is to be determined in each case by the circumstances of that case." *Washington, etc., R. Co.* v. *Gladmon,* 15 Wall. 401, 21 L. Ed. 114; *Chicago, etc., R. Co.* v. *McMurray,* 71 Ill. 601; *Merryman* v. *Chicago, etc., R. Co.,* 85 Iowa 634, 638, 52 N. W. 545; *Elkins* v. *Boston, etc., R. Co.,* 115 Mass. 190, 200; *Young* v. *Clark,* 16 Utah 42, 51, 50 Pac. 832; *Brazil Block Coal Co.* v. *Young,* 117 Ind. 520; *Indianapolis, etc., R. Co.* v. *Pitzer,* 109 Ind. 179, 183, 58 Am. Rep. 387. The finding of the jury upon this fact can not now be ignored. *Illinois Cent. R. Co.* v. *Jones,* 37 C. C. A. 106, 95 Fed. 380; *Western, etc., R. Co.* v. *Young,* 81 Ga. 397, 416, 7 S. E. 912, 12 Am. St. 325; *Bottoms* v. *Seaboard, etc., R. Co.,* 114 N. C. 699, 712, 19 S. E. 730, 25 L. R. A. 784, 41 Am. St. 799.

The supreme court of Oregon in a case where the facts were much more favorable to the defendant than those presented by this record, said: "If we assume that it can be asserted, as a proposition of law, that a child of the age of the decedent is *sui juris,* so as to be chargeable with negligence, the law is not so unreasonable or unjust as to require of it the same degree of reason and consideration in avoiding the consequences of the negligence of others that is required of persons of full age and capacity, and it should be left to the jury to determine whether the child, in attempting to pass in front of the car, acted with that degree of care and prudence which might reasonably be expected, under the circumstances, of a child of her age and capacity. She was lawfully in the street, and was as much entitled to use the crossing as the defendant. * * * It was for the jury to judge whether the child's conduct in attempting to cross the track in front of the approaching car without looking or listening, was characterized by any want of that degree of care which could reasonably have been expected of a child of her age." *Wallace* v. *Suburban R. Co.,* 26 Ore. 174, 37 Pac. 477, 25 L. R. A. 663.

The true rule is, as deduced from the authorities and founded on reason, that an infant of tender years may be able to exercise some care for its personal safety, and the question whether in a given case it has exercised due care, so as to be free from the imputation of contributory negligence, is one of fact, to be submitted, under proper instructions, to the jury. The determination of this fact depends upon the age, physical condition, strength, and health of the child, its education, experience, capacity, training, idiosyncrasies, sex, and any other circumstances relevant thereto. That the danger could have been discovered, i. e., that the child could in this instance have seen the approaching car, is one of the circumstances,—a circumstance entitled to consideration with the others proved, but not to be separated from them, and treated as though it stood alone, or as though appellee were an adult. When the conduct of the plaintiff is examined in the light of the law so stated, it becomes apparent that the verdict of the jury is not without support, while the facts exhibited by the answers to the interrogatories come far short of overthrowing it. The plaintiff was a child somewhat familiar with the street cars, but not to a great extent. He knew that coming in contact with a moving car would hurt him. He had been told that the crossing he was about to make was a dangerous one, and therefore might well have entered upon it with trepidation and childish fear. Intent on avoiding the moving car first brought to his attention, startled by the noise made and warnings shouted to him, but without comprehending their import, it can not be said, as a matter of law, that in continuing to look as he did and hastening onward he exercised less care than was to be expected from one of his age. Older persons might have been thrown off their guard. Indeed, the failure of adults to discover an approaching train at a highway crossing of a steam railroad has been excused under circumstances less calculated to attract attention from the approaching danger than those shown here. *Chi-*

*cago, etc., R. Co.* v. *Hedges,* 105 Ind. 398; *Ohio, etc., R. Co.* v. *Hill,* 117 Ind. 56; *Grand Rapids, etc., R. Co.* v. *Cox,* 8 Ind. App. 29, 34, and cases cited. The distinction between reasonable care on the part of an infant and reasonable care on the part of an adult, when coupled with that between a street railway track and a railroad crossing, makes a much stronger case than those cited.

There is a further phase of this case which puts the correctness of the judgment beyond plausible controversy. The car was moving at the rate of five miles an hour, as found by the jury and shown by the testimony. Whatever view might be taken of the appellee's conduct prior to the collision, it is not shown that he was guilty of any negligence after its occurrence. The motorman had it in his power to stop the car before the appellee's leg was crushed. This he failed to do and needlessly carried appellee under the car and along the track. This court, by Wiley, J., in *Dull* v. *Cleveland, etc., R. Co.,* 21 Ind. App. 571, 590, quoted with approval from *Lake Erie, etc., R. Co.* v. *Juday,* 19 Ind. App. 436, as follows: "It is sound doctrine, strongly entrenched by the authorities, that when one person sees another in danger or peril, from which he is unable to extricate himself with reasonable care and prudence, it is the highest duty of such person so to act as not to increase the peril, and if he does act in a manner to increase the danger, with the full knowledge of the facts, it is negligence, for which he may be required to respond in damages." Of this doctrine it was said in the Dull case: "And so we think the rule would apply in a case where a person had subjected himself to danger, though he was unconscious of impending peril, if the person about to inflict the injury could, after discovering the peril, have averted it by the use of ordinary care and diligence. But this doctrine, as wholesome and sound as it is, and tenaciously as it should be adhered to and enforced, is not applicable here, under the facts found by the jury." A statement of the

rule is as follows: "The contributory negligence of the party injured will not defeat the action if it be shown that the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the injured party's negligence." *Grand Trunk R. Co.* v. *Ives,* 144 U. S. 408, 36 L. Ed. 493; *Seaboard, etc., Co.* v. *Tolson,* 139 U. S. 551, 558; *Summit Coal Co.* v. *Shaw,* 16 Ind. App. 9, 15; *Indianapolis, etc., R. Co.* v. *Pitzer,* 109 Ind. 179. See, also, *Citizens St. R. Co.* v. *Damm,* 25 Ind. App. 511. The doctrine is applicable to the facts in this case. It would be difficult to illustrate its application more completely by a hypothetical statement.

The eighteenth instruction given by the court referred solely to the question of contributory negligence and stated the opposing hypotheses relative thereto. The first half of the instruction contained the hypothesis contended for by the appellant and concluded as follows: "Then I instruct you that your finding in this case must be for the defendant." The latter portion of the instruction stated the hypothesis upon the subject of contributory negligence as claimed by the appellee and concluded as follows: "Then your finding should be for the plaintiff." The instruction did not purport to state any fact relative to the appellant's alleged negligence. It was therefore incorrect in the concluding statement. Had the court said, "then your finding should be for the plaintiff upon the issue of contributory negligence," the instruction would have been entirely accurate. Taken in connection with the subject-matter of the instruction the jury could not well fail to understand what was meant. Full instructions were given as to the issue upon which the appellant's liability depended.

The inadvertent failure of the judge to limit his expression to the question of contributory negligence could not well have been taken as a withdrawal of the explicit statements theretofore made. The instructions, as a whole,

presented the law correctly, and the defect indicated, therefore, furnishes no ground for reversal. *Green* v. *Eden,* 24 Ind. App. 583; *Todd* v. *Danner,* 17 Ind. App. 368, 373; *Baltimore, etc., R. Co.* v. *Spaulding,* 21 Ind. App. 323. The verdict was clearly right upon the evidence, and the defect in the instruction does not, therefore, constitute reversible error, whatever view might be taken of it. Elliotts' App. Proc., §642. *Poland* v. *Miller,* 95 Ind. 387, 48 Am. Rep. 730; *Island Coal Co.* v. *Neal,* 15 Ind. App. 15.

Judgment affirmed.

Comstock, C. J., Black, and Robinson, JJ., concur; Henley, J., concurs in result; Wiley, J., dissents.

## On Petition for Rehearing.

Roby, J.—There can be no reversal where the merits of a cause have been fairly tried and determined in the court below, and it is the duty of every court in Indiana, in every stage of an action, to disregard any error which does not affect the substantial right of the adverse party. §§401, 670 Burns 1901. "Where the record affirmatively shows that the verdict is right upon the evidence the judgment will not be reversed because the court has erred in the instructions given to the jury." *Woods* v. *Board, etc.,* 128 Ind. 289, 292; *State, ex rel.,* v. *Ruhlman,* 111 Ind. 17, 22; *Mode* v. *Beasley,* 143 Ind. 306, 334; *Felkner* v. *Scarlet,* 29 Ind. 154, 156.

"Absolute accuracy and perfection can not be obtained, ordinarily, in all the stages of an important trial. It is, therefore, not enough to reverse a judgment, that the court below committed some error in the course of a cause. Errors which have no effect on the verdict occur in the proceedings and trial of almost every cause before a jury." *City of Lafayette* v. *Ashby,* 8 Ind. App. 214; *Miller* v. *Stevens,* 23 Ind. 365, 375.

Prejudicial error is one thing and the semblance of error is another. The evidence in the case at bar establishes, without conflict, facts entitling appellee to a verdict. The principle enunciated by the statute and enforced by the decisions is therefore applied. It was said in the opinion, that taken in connection with the subject-matter of the instruction, the jury could not well fail to understand what was meant. To say otherwise would be to deny the presumption of ordinary intelligence. The subject-matter of the instruction was contributory negligence. Previous instructions had fully stated what certain facts were necessary to justify a finding of negligence on the part of appellant. These instructions were not withdrawn, and appellant's sole complaint upon the petition for a rehearing is, that the court failed to limit the concluding phrase of the eighteenth instruction to contributory negligence. The meaning conveyed to the jury can only be determined by a consideration of the instructions as a whole; neither restricted verbal criticism, nor subtle, literal analysis of disconnected clauses, tends to correct results. "It is settled law in this State that instructions are considered with reference to each other, and as an entirety, and not separately or in disconnected parts; and if the instructions as a whole correctly and fairly present the law to the jury, even if some particular instruction, or some portion of an instruction, standing alone or taken abstractly, and not explained or qualified by others, may be erroneous, it will afford no grounds for reversal." *Shields* v. *State,* 149 Ind. 395, 406.

The citation of authority to the proposition made in the case above quoted leaves nothing to be added. It is. perhaps unnecessary to say that the proposition stated in *Wenning* v. *Teeple,* 144 Ind. 189, 195, and in many other cases, to the effect that if instructions are inconsistent and calculated to mislead the jury or leave it in doubt as to the

law, that the cause must be reversed, is not applicable to the facts of this case.

The petition for rehearing is overruled.