Secor and others *v.* Toledo, Peoria & Warsaw R. Co. and others.

*(Circuit Court, N. D. Illinois.   January 9, 1882.)*

1. Railroads—Injury to Passenger—Contributory Negligence.

A passenger, on a train that had approached a station and was still moving slowly, stood on the lower step of a car, in the act of stepping to the platform of the station, when, in consequence of the car being moved forward with a jerk, he was thrown upon the platform and injured.  *Held*, that he was guilty of contributory negligence in attempting to alight from the train while it was in motion.

On the Intervening Petition of John Rawls.

*John Lyle King* and *Sanders & McKinney*, for petitioners.

*John M. Jewett* and *Tenny, Flower & Cratty*, for defendants.

Drummond, C. J.   The property of the railroad was sold under a decree of the court.   Certain funds were paid into court, and upon the reorganization of the company by the purchasers under the sale a bond was filed in court for the purpose of meeting all claims which might be sustained by the court while the property was in the possession of, and operated by, the receiver under its order.   This is a petition asking compensation for an injury which the petitioner sustained in consequence of a fall while attempting to get off the train when it was operated by the receiver.   On the fifth day of March, 1878, the petitioner took passage on the train at Bushnell, in this state, for Scottsburg.   The speed of the train on arriving at Scottsburg station was lessened for the purpose of stopping at that station.   While the train was still slowly moving, three passengers left it, reaching the platform at the station in safety; but while the train was still in motion the petitioner went out upon the rear end of the forward car of the train and was standing on the lower step, the train having apparently almost ceased to move; and while he was in the act of stepping from the car to the platform of the station, the car was moved forward with a jerk, in consequence of which the petitioner was suddenly thrown with violence upon the platform of the station and injured.

Admitting these to be the material facts established by the evidence, the question is whether the petitioner is entitled to recover, waiving all other questions which have been made and argued in the case.   The principal difficulty in this case arises from what the evidence shows, and in fact what all our experience proves, that the passengers who intend to leave a train at a particular station where

it is expected to stop, as the train slows up and immediately before it actually stops, are in the habit of going out on the platform of the car, and often, as was the fact in this case, leaving the steps of the car. Admitting that there was a sudden jerk of the car, with more or less violence, was there such negligence on the part of the petititioner as to relieve the receiver from all liability in the case? We need make no controversy as to the position of the receiver, or of his liability as such, and may assume, as to the rights of the petitioner, that he stands in the place of the company. We think it must be stated, as a sound proposition in law, that wherever passengers undertake to leave a train under such circumstances as these, before it has actually stopped, they take the risk upon themselves. If they choose to act in accordance with the promptings caused by their own impatience, and to leave the train before it can be done with safety, the risk is theirs. In this case, in addition to the statement that has been made of the actual condition of the petitioner at the time, there is reason to believe that his attention was withdrawn from what he was about to do by conversation with another person, who was then or had just been talking to him.

It has been decided by the supreme court of this state that a passenger has no right to attempt to alight from a train of cars when in motion; and if he undertakes to do so, without the knowledge or direction of any employe of the company, it is at his peril. *O. & M. R. Co.* v. *Stratton,* 78 Ill. 88; *Ill. Cent. R. Co.* v. *Slatton,* 54 Ill. 133; *Chi. & Alton R. Co.* v. *Randolph,* 53 Ill. 510; *Chi. & N. W. R. Co.* v. *Scates,* 90 Ill. 586.

It would seem to follow, from the proposition just stated, that a railroad passenger cannot recover for any injury caused as this one was, although it may have been occasioned by the combined act of himself in thus attempting to alight from the train, and the jerk of the car. It was his duty not to expose himself to such a contingency, and to remain in the car before thus subjecting himself to danger; and it also follows that those who have the management of a train are not bound to assume that the passengers will attempt to alight from a car until it has actually stopped.