The Evansville and Richmond Railroad Company *v.* Henderson.

No. 16,033.

THE EVANSVILLE AND RICHMOND RAILROAD COMPANY *v.* HENDERSON.

RAILROAD.—*Master and Servant.*—*Assumption of Dangers Incident to Service.* — *Construction Train.* — *Co-Employe.* — *Personal Injury.* — Where a servant employed to work upon a construction train upon a railroad track half finished, in the service of delivering ties along said track, and, while thus engaged, said train loaded with ties and running at the rate of fifteen or twenty miles an hour was derailed, injuring said employe, the railroad company was not liable to said servant in damages, such accident being one of the dangers incident to the service, the perilous condition of the road being equally obvious to both master and servant; and the engineer being a co-employe with the injured servant, the company would not be liable for any negligence on the part of the engineer contributing to the injury.

SAME.—*Employe.*—*When of Sufficient Discretion.*—In such case, the employe, who was about nineteen years of age, could not be said to be void of sufficient discretion to comprehend the dangers of the business in which he was engaged.

From the Jackson Circuit Court.

*M. F. Dunn* and *G. G. Dunn,* for appellant.
*J. Giles, J. A. Zaring* and *M. B. Hottel,* for appellee.

COFFEY, C. J.—This was an action by the appellee, against the appellant, commenced in the Lawrence Circuit Court, to recover damages on account of a personal injury.

The venue of the cause was changed to the Jackson Circuit Court, where a trial was had, resulting in a special verdict, upon which the court, over a motion for a new trial, rendered judgment for the appellee.

The amended complaint in the cause alleges, among other things, substantially, that the appellee was employed by the appellant on the 2d day of October, 1889, as a laborer to work on its construction train; that at the

point where the appellee was injured, the appellant had carelessly, negligently and insufficiently constructed its road and track in this, that it had negligently failed to put sufficient ballast under the track, and had poorly ballasted the same, and the cross-ties on the track thereon were worn down in the mud and dirt, and that it had carelessly and negligently failed to put down a sufficient number of ties under the rails on said track; that, by reason of such defects, the road was rendered unsafe for any trains to run over, as the appellant well knew, and that by reason thereof the appellee was exposed to extra hazardous and dangerous risks; that the appellee was young and inexperienced in railroading and knew nothing of the dangers and hazards thereof, and that he had no knowledge of the defective condition of the appellant's road; that the appellant knew of the appellee's youth and inexperience, yet knowing said facts, it gave him no warning whatever as to the dangerous condition of its road or of the extra hazardous and dangerous risks to which he was exposed by reason of such employment; that on the 2d day of October, 1889, while being conveyed on the construction train of the appellant, from Indian Spring, in Martin county, to the town of Bedford, in Lawrence county, the cars composing said train, by reason of the defects in the road above named, were derailed, whereby the appellee, without any negligence on his part, suffered permanent injuries.

Many objections to this complaint are urged by the appellant, as well as many objections and exceptions to the rulings and proceedings in the court below, but in view of the conclusion we have reached, we deem it unnecessary to notice them in this opinion.

Assuming that the complaint states a cause of action, we think the evidence in the cause wholly fails to sustain it.

It is disclosed by the evidence in the cause, that at the time the appellee was injured, as alleged in his complaint, the appellant's road was in process of construction. It was constructed on what is known as the half-tie system. This is the usual mode of constructing railroads in Indiana. Under this system one-half the ties necessary to a completed road are laid down upon the grade and the rails put down upon them and spiked. The construction train is then run over the road in this condition for the purpose of distributing sufficient ties to complete the road. When the ties are all down, the road is then ballasted and completed. The appellee, knowing the incomplete condition of the appellant's road, took employment on the construction train, and on the morning of the 2d day of October, 1889, boarded such train and went from Bedford, in Lawrence county, to Indian Springs, in Martin county, a distance of eighteen or twenty miles, for the purpose of procuring ties. The train consisted of nine flat cars. At Indian Springs the seven cars nearest the engine were fully loaded, and the eighth contained about half the usual load of ties.

The rear car being empty, the crew at work with the train, including the appellee, consisting of about twenty men, took passage upon the same on the return trip to Bedford. On such trip, and about one mile from Indian Springs, while the train was running at a speed of fifteen or twenty miles an hour, the car upon which the appellee was riding, as well as the car immediately in front of it, was derailed, by means of which the appellee suffered the injury for which he sues.

The cause of the accident does not satisfactorily appear by the evidence in the cause. The appellant's road was not opened for the business of carrying either freight or passengers for a period of about five or six months

after this accident.   The appellee was, at the time, near nineteen years of age.

The road was inspected by competent officers in charge of its construction, at the point where the accident occurred, a few hours before its occurrence, and it was thought to be sufficiently safe for the passage of construction trains.   There was nothing to indicate that it was any more unsafe at this point than at any other place on the road.

It is an elementary principle of law governing the relation of master and servant, that when a servant enters upon an employment which is, from its nature, necessarily hazardous, the servant assumes the usual risks and perils of the service, and this is especially true as to all those risks which require only the exercise of ordinary observation to make them apparent.   In such cases, there is an implied contract on the part of the servant to take all the risks fairly incident to the service, and to waive all right of action against the master for injuries resulting from such hazards.   This waiver includes, on the part of the servant, all such risks as, from the nature of the business, usually and ordinarily conducted, he must have known when he embarked in the master's service, and, also, those risks which the exercise of his opportunities for inspection, while giving diligent attention to such service would have disclosed to him.   *Atlas Engine Works* v. *Randall*, 100 Ind. 293; *Pittsburgh, etc., R. W. Co.* v. *Adams*, 105 Ind. 151; *Louisville, etc., R. W. Co.* v. *Frawley*, 110 Ind. 18.

Where the danger is equally open to the observation of both the master and the servant, both are upon common ground, and the master is not liable, as a general rule, for resulting injuries.   *Louisville, etc., R. W. Co.* v. *Frawley, supra; Vincennes, etc., Co.* v. *White*, 124

Ind. 328; *Pennsylvania Co.* v. *Brush,* 130 Ind. 347; *Griffin* v. *Ohio, etc., R. W. Co.,* 124 Ind. 326.

Corresponding with this implied contract on the part of the servant, the master undertakes that he will use reasonable diligence to furnish the servant a safe place to work, safe machinery and appliances, and that he will not expose such servant to greater risks than those which fairly and properly belong to the particular service in which he engages, through fraud, malice or negligence. So, too, if there are latent dangers known to the master, or which he might have known by the use of diligence, or dangers which are patent, but of such character as that they might reasonably be supposed to escape the notice of the servant, it is the duty of the master to give his servant notice of such dangers, failing in which he will be held liable to the servant for any injury he may receive by reason of such neglect. *Louisville, etc., R. W. Co.* v. *Wright,* 115 Ind. 378.

In this case, however, the unfinished condition of the appellant's road was open to every one. Its condition was open to the observation of the appellee. It is not a case of latent dangers or dangers that might escape the observation of the appellee, but it is a case where everything was open alike to the master and the servant. The appellee stands in the condition of complaining of the imperfect condition of a railroad which he was employed to assist in making perfect. Had the road been completed the necessity for his employment would not have existed.

Nor does the fact that the appellee was a minor at the time of his injury, in our opinion, exercise a controlling influence in the case. This is not the case of a minor of tender years, without sufficient discretion to comprehend the dangers of the business in which he was engaged.

The appellee was, as we have seen, near nineteen years of age.

In the case of *Brazil, etc., Coal Co.* v. *Cain*, 98 Ind. 282, where the injured party was nineteen years of age, this court said: "Although the appellee's son was a minor, under the age of twenty-one years, at the time he entered into the appellant's service, and at the time of his injury and death, yet it appeared that he was of sufficient age and experience to understand fully the hazard and dangers of the service, and therefore it must be held that by engaging in such service, notwithstanding such minority, he took upon himself the natural and ordinary risks incident to the business in which he engaged, among which was the negligence of his fellow-servants, whether of high or low degree, in the same common enterprise."

The necessity for the speed at which the construction train was running at the time the appellee was injured does not appear from the evidence in this cause.

It is difficult to avoid the conclusion that the appellee's injures are attributable, in some degree at least, to the unnecessary and reckless rate of speed at which the engineer was running the construction train over a half-finished railroad. Had the train been run at a speed consistent with the dangers incident to the known conditions surrounding the parties in charge of, and upon, the train, there is no reason to believe that the accident would have occurred, in which the appellee was so seriously injured. But the appellee and the engineer operating the engine were fellow-servants, and for this reason the appellant is not liable to the appellee for an injury received on account of the negligence of such engineer. *Ohio, etc., R. R. Co.* v. *Tindall*, 13 Ind. 366; *Lake Shore, etc., R. W. Co.* v. *Stupak*, 123 Ind. 210.

In our opinion, the court erred in overruling the appellant's motion for a new trial.

Judgment reversed, with directions to the circuit court to set aside the verdict in this case, and to grant the appellant a new trial.

Filed April 4, 1893; petition for a rehearing overruled June 9, 1893.