No. 17,490.

THE EVANSVILLE AND RICHMOND RAILROAD CO. v. HEN-
DERSON.

RAILROAD.—*Employe.*—*Personal Injury.*—*Defective Track.*—*Assumed Risk.*—*Master and Servant.*—A railroad employe employed on a construction train to haul cross-ties and material over an uncompleted track in the manner customary in the construction of railroads assumes the risk incident to such employment, and cannot recover for an injury caused by a derailment at a place which is not different from the other parts of the track.

From the Jackson Circuit Court.

*W. R. Gardiner, C. G. Gardiner* and *W. R. Gardiner, Jr.,* for appellant.

*Zaring, Hottel, Giles & Marshall* and *Applewhite & Applewhite,* for appellee.

McCABE, J.—The appellee sued the appellant in the Lawrence Circuit Court to recover damages resulting to him on account of a personal injury sustained by him through the alleged negligence of the appellant. The venue was changed to the Jackson Circuit Court, where a trial of the issues joined resulted in a verdict and judgment against the appellant for $5,000.00. That judgment on appeal to this court was reversed on the evidence. 134 Ind. 636.

This court having intimated a doubt of the sufficiency of the facts stated in the complaint, on the return of the cause to the trial court, the appellee was permitted, over appellant's objection and exception, to file an amended complaint as to both paragraphs thereof. The issues joined were again tried by a jury, resulting in another verdict for the plaintiff in the same amount

on which he had judgment over appellant's motion for judgment *non obstante veredicto*, and for a new trial. Error is now assigned upon these several rulings, and that the trial court erred in overruling a several demurrer to each paragraph of the amended complaint.  One of the reasons assigned in the motion for a new trial, is that the verdict is not sustained by sufficient evidence.

It is conceded by the learned counsel for appellee, that the former decision of this cause is the law of the case, and is decisive of the case, and must control our decision now upon the question of the sufficiency of the evidence to support the verdict, unless on the new trial the appellee introduced material additional evidence of such a character as to make the principles of law announced in the former decision inapplicable to the new case made by the new or additional evidence considered along with the evidence adduced before.  This, we think, is the law.  The law declared in the former opinion has been recently reaffirmed by this court, and applied to a similar state of facts, citing many other adjudications to the same effect in the *Bedford Belt R. W. Co.* v. *Brown*, 42 N. E. Rep. 359 (*post*, p. 659).

The substance of the evidence on the former trial is set out in the opinion on the former decision.  See 134 Ind. 636.

The evidence that appellee claims was added on the last trial, is to the effect that a day or two before the accident, at the point where it happened, there was noticed by witness, Henry Martin, that there were not many ties under the " T " railing, and some of the ties were loose, and some of them were regular, and some were wide apart, and the spikes in the railing would hold them up from the road bed.  They would shake up and down when walked on by a man ; the railing would hold them up from the road bed, and in places there would

be two or three close together, and then they would be wide.   Made no other observation in regard to it.

Another witness, Philip Clipp, testifying about the accident, noticed the engine curving to the left, and when it came to me it upset my dinner bucket, and we had one empty car, and when it came to that, I saw the car go over, and men and cars were together.   Saw the engine and the car behind it, and so on, until I saw every car, until it came to the half-loaded car, and I saw the men and the cars going together, and the other cars, and split at that point.   Went back there as quick as I could, and saw men and cross-ties there together. Did not notice whether the road was only half-tied where we loaded the ties.   We were going to take the ties down between Bedford and Heltonville.   It was not quite done there.   We stopped between Bedford and Indian Springs once, to take a fence down.   Any one going down on the train from Bedford to Indian Springs, who looked, could have seen the condition of the road. The train going down that morning slowed up on account of some cattle being on the road.   It came so near stopping, a person could have got on.   The road was half-tied.   The engine got over that place in the track and seven loaded flat cars.   I felt the train wabbling.   Any one could see the road was only half-tied.   Witness Doan testified that the road was not half tied at the point where they loaded the ties.

It was further shown by the testimony that the speed of the train when the accident occurred was only eight or ten miles an hour, which was very slow.

This evidence makes no substantial change in the case as made by the evidence when it was here before.   It is true it does show affirmatively what did not before appear, that the train was not being run at an unnecessary and reckless rate of speed as was before supposed.

But the decision before did not turn on the rate of speed at which the train was running, but it turned upon the fact that appellee had accepted employment to work on the appellant's construction train to run on its road that had not yet been opened to business, the track of which was only partially completed, the iron being laid and spiked onto half the proper number of cross-ties without ballast, so as to use such imperfect track to haul the ties and other material for the construction and completion of the road over such imperfect or incompleted track as was customary in the construction of railroads in this State; and that such defects being equally open to the observation of both employer and employe, the appellee had assumed all the risks incident to such employment, and could not recover for that reason. There is no evidence to show that the defect at the point where the accident occurred was different from the defects all along the imperfect and unfinished track, or was otherwise than such as are incident to all railroads in course of construction, as the evidence both times shows that this road was.

Therefore, the principles of law declared and announced in the former decision of this case render it imperative that we reverse the judgment. *Mason* v. *Burk,* 120 Ind. 404; *Board, etc.,* v. *Jameson,* 86 Ind. 154; *Gerber* v. *Friday,* 87 Ind. 366 ; *Jones* v. *Castor,* 96 Ind. 307 ; *Cleveland, etc., R. W. Co.* v. *Wynant,* 134 Ind. 681.    The judgment is, therefore, reversed, and the cause remanded with instructions to grant the appellant's motion for a new trial.

Filed November 25, 1895.