COYLE, ADMINISTRATOR, *v.* PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY.

[No. 18,858.  Filed November 22, 1900.]

CONTRIBUTORY NEGLIGENCE.—*Assumption of Risk:—Damages.—Railroads.*—In an action against a railroad company for damages for the death of plaintiff's decedent it was alleged that decedent was a section hand employed by defendant; that it was the custom of defendant to permit all persons hired to work on the road to ride from their work to their residences; that decedent boarded one of defendant's freight trains, which had no caboose or passenger car attached, and took a position on the front platform of the last freight car, and, in passing over a defect in the track, deceased was suddenly jerked and thrown from his footing to the ground and injured, from which injuries he died. *Held,* that the facts pleaded not only show that deceased was guilty of negligence contributing to his injury, but that he assumed the risk.

From the Jefferson Circuit Court.  *Affirmed.*

*L. V. Cravens, A. D. Vanosdal* and *Hiram Francisco,* for appellant.

*S. Stansifer, M. R. Sulzer* and *S. J. Bear,* for appellee.

HADLEY, J.—Appellant sued appellee to recover damages for personal injuries alleged to have been sustained by his intestate, Thomas Welch, through the negligence of the appellee. It is alleged in the complaint that the defendant owns and operates a railroad which it had negligently suffered to get and remain out of repair, in manner specifically stated, for the space of ten days prior to the accident, and which defective condition was well known to the defendant, and unknown to the decedent; that Welch had been ·employed in Madison by the defendant as section hand, and had proceeded to North Madison to work, where he was informed by the section boss that he was not needed; that it had long been the custom of the defendant to permit all persons hired to work on the road to ride from their work at North Madison to their residences in Madison on any

freight train belonging to the defendant, without special permission or pass, and that said custom was well known to both Welch and the defendant; "that it was the custom, rule, and practice of said company that no caboose or passenger coach of any kind was hauled on said freight trains from North Madison to Madison, but all persons riding on said freight trains were permitted to ride down hill from North Madison to Madison on the freight cars attached to said train; that, relying upon said custom as aforesaid, and with the permission, knowledge, and consent of the defendant, its agents, servants, and employes, the said Thomas Welch, within a very short time after he was informed by said section foreman that his services would not be needed or required at said time, did on said day board a freight train, which at said time was standing on defendant's track, at or near the depot of said defendant at the station of North Madison, which said freight train was run, managed, and operated by the servants and employes of said defendant, and which said train had no caboose or passenger car attached, and all the cars of which said train was composed were filled up with freight and the doors of all said cars were locked and barred; that it was at said time against the rules of said company to permit such laborers to ride on the engine attached to said freight trains; that after boarding the train the said Welch took a position on the front platform of the last freight car attached to said train, which said position was the safest place available for him to take on said train at said time, and he was standing, firmly grasping the brake-rod affixed to said car;" that on the journey to Madison the defendant so negligently managed said train that in passing over the defective part of the track, without fault of the plaintiff's intestate, but solely on account of the negligence of the defendant in suffering its track so to be and remain out of repair and in the negligent management of the train, the train gave a sudden jerk, and the plaintiff's intestate was suddenly jerked and thrown

from his footing on said car to the ground, and injured, from which injuries he died, etc.

Appellee's demurrer was sustained to the complaint, and appellant refusing to amend, judgment was rendered against him.

Assuming that the complaint, in its general averments, states a cause of action, it is insisted that the specific facts pleaded affirmatively show, not only that the deceased was guilty of negligence contributing to his injury, but also that he assumed the risk. And we are inclined to this view. Conceding to appellant all that he claims, that appellee was negligent, and that his decedent was a passenger entitled to all the protection that relation requires, and the case stands thus: In the train Welch boarded there was no caboose or passenger coach; he was forbidden to ride on the engine, and all of the cars of the train were filled and their doors locked and barred; "with the permission, knowledge, and consent of the defendant," he boarded the train of his own accord, and, without direction, or knowledge of any employe of appellee, he took his position on the deadwood of a freight car between the first and second cars from the rear "as the safest place available to him", and stood there "firmly grasping the brake-rod." Boarding the train at such place for transportaion, at first blush, appears to be a reckless disregard for personal safety. The general construction, width, and purpose of the "front platform", or deadwood, of a freight car, and the jerk of the cars in taking up slack in starting, and sometimes in the motion of the train and the difficulty of maintaining a fixed position on the deadwood in a sudden jar, or jerk, is a matter of common knowledge of which Welch had no right to be ignorant, and was required to heed. *Louisville, etc., R. Co.* v. *Bisch*, 120 Ind. 549.

Even if it was the duty of appellee to furnish the deceased transportation to Madison on a freight train, such duty did not excuse him in voluntarily boarding a train that clearly

presented no suitable or safe place for a passenger to ride. He was chargeable with ordinary care of himself notwithstanding his right to carriage, and the voluntary placing of himself in a position on the train, palpably unsuitable for a passenger to occupy, and a place naturally unsafe for him to be during the movement of the train, must be imputed negligence *per se*. In such position he was not a passenger, and, therefore, appellee owed him no duty, except to avoid wilful injury. *Udell* v. *Citizens St. R. Co.*, 152 Ind. 507, 71 Am. St. 336; Elliott on Railroads, §1351.

In *Camden, etc., R. Co.* v. *Hoosey*, 99 Pa. St. 492, it was held that a passenger riding on the platform of a passenger coach, holding onto an iron rail fixed to the car, when there was standing room inside the coach, and whence from a sudden jerk of the train he was thrown to the ground and injured, was guilty of such contributory negligence as to preclude his right of recovery, and that the court should have so instructed the jury.

In *Secor* v. *Toledo, etc., R. Co.*, 10 Fed. 15, a passenger upon a passenger train, who took position on the lower step of the car, and stood there as the train slowed up for a station, and was thrown off and injured by a sudden jerk of the train, was held to be guilty of contributory negligence. To the same effect see *Hickey* v. *Boston, etc., R. Co.*, 96 Mass. 429. Because the position chosen was the "safest place" to ride counts for nothing. It was not a question of degree. Unless the train afforded some place of apparent safety he should not have embarked upon it.

Judgment affirmed.