## BARLEY v. THE SOUTHERN INDIANA RAILWAY COMPANY.

[No. 4,260.    Filed January 30, 1903.]

RAILROADS. — *Construction-Train.* — *Injury to Employe Riding on Flat Car.* — It is not negligence as a matter of law for one employed in the construction of a railroad to ride home from his work on a flat car instead of the caboose, where the caboose was placed next to the engine, and there had been no order requiring workmen to ride in the caboose, and the rule making the requirement was not known to the employe. *pp. 406–411.*

SAME. — *Construction-Train.* — *Negligence.* — *Assumption of Risk.* — One employed in the construction of a railroad does not assume the risk of negligence in the running of a construction-train on which he was riding home from his work. *pp. 411, 412.*

From Martin Circuit Court; *H. Q. Houghton*, Judge.

Action by William T. Barley against the Southern Indiana Railway Company. From a judgment for defendant, plaintiff appeals. *Reversed.*

*J. M. Huff, B. K. Elliott. W. F. Elliott* and *F. L. Littleton*, for appellant.

*F. M. Trissal, T. J. Brooks* and *W. F. Brooks*, for appellee.

ROBY, C. J.—Appellant brought this action seeking thereby to recover damages on account of injuries alleged to have been received by him while riding home from his work upon a construction train which collided with a hand-car operated by employes of the Western Union Telegraph Com-

pany, derailing the flat car upon which appellant was riding and causing his injury. The negligence counted upon is charged as follows: "That said injury was caused wholly by the carelessness and negligence of the defendant in running its said train with the headlight behind said box-car, thereby obstructing the headlight, and preventing the engineer in charge of said train from seeing said hand-car on the track ahead of said train in time to avoid a collision, and also in preventing said persons in charge of said hand-car from seeing said train in time to remove said hand-car, and also in starting said train in said manner while said hand-car was known to be on said track between said towns of Linton and Elnora." A general verdict was returned in appellant's favor for $2,000. Answers to interrogatories accompanied the general verdict, and judgment for appellee was rendered thereon notwithstanding the general verdict.

Appellant argues that the court erred in overruling his demurrer to an affirmative paragraph of answer filed by the appellee with a general denial. It is not necessary to determine the sufficiency of such answer for the reason that the general verdict was in appellant's favor, it thereby appearing that he was not injured by the ruling. *McFadden* v. *Schroeder,* 9 Ind. App. 49-53.

The interrogatories and their answers, condensed, in substance are as follows: The flat car upon which plaintiff was riding at the time he received his injury was, under the circumstances, an ordinarily safe place to ride; the injury was caused solely by unknown and unusual circumstances; the plaintiff did not know that the hand-car with which his train collided was upon the track, and could not have learned of such fact by the exercise of ordinary care. It would have been no more dangerous to ride upon the flat car than in the caboose had said hand-car not been upon the track. At the time of the accident plaintiff was an employe of the defendant, engaged in laying rails and ties and the construction of a new railroad line. He had been accustomed for two

months to ride to and from his work on a construction-train. He was carried without pay and as a matter of convenience to himself and the defendant. The railroad had not been opened for traffic of any kind. No train had passed over it, except trains used in building it. No time-card or train schedule had been established or promulgated. The train upon which appellant was riding was used exclusively to haul supplies, men, and tools for building such railroad. The rules and regulations of defendant at and before the time of the accident did not require of workmen and laborers when on construction-trains going to and from work to ride in the caboose. Such rules and regulations did not forbid workmen and laborers riding on the flat cars. There was a caboose attached to the train. There was room in the caboose for the plaintiff to have ridden if he had chosen so to do. It was fitted with seats for the use of workmen riding therein. Plaintiff knew that it was attached to the train for use by himself and fellow workmen, and had reasonable opportunity to learn of the use thereof. He did not know of the rules and regulations to ride in the caboose when going to and from work. He did not have reasonable opportunity to know of such requirement. There was no general order to that effect. The defendant's general superintendent had not ordered that workmen and laborers ride in the caboose while going to and from work. The rules and regulations that workmen should ride in the caboose were not known and understood among the laborers. Orders of the defendant's officers to that effect were not generally known and understood by said workmen. The train upon which plaintiff was riding at the time of the accident was composed of three flat cars in front, then the caboose, and then the engine pushing the train; the flat cars were being taken back off the new track after having been unloaded. Plaintiff at the time of the accident was riding on the flat car. The conductor did not know that the plaintiff was riding on the flat car. There was no evidence that any

officer or agent gave him permission or direction to get on the flat car. The flat car was not a dangerous place for plaintiff to ride. Two persons riding on the flat car were injured. No one riding in the caboose was injured. The caboose was a safe place to ride. Plaintiff was not ordered to ride in the caboose by the foreman under whom he worked. The derailment of the train was not caused by the absence of a signal on the end of the car. The hand-car was in charge of the Western Union Telegraph Company. The men using the hand-car were engaged in putting up telegraph line. Plaintiff was carried without charge. He had been employed in the construction of the road for two months, and had ridden to and from his work during that time. He was a man of experience in railroad work. The only cars derailed were the front flat car, on which plaintiff was riding, the next flat car, and one end of the third flat car. Plaintiff was prevented from riding in the caboose by "the sanitary conditions of the car." He took position on the flat car of his own free will. He had ridden part of the way in the caboose, and then went out on the front car. He would have escaped injury had he remained in the caboose. His conduct in riding on the flat car did not contribute to his injury. He had good eyesight and hearing. It is the custom for laborers riding to and from their work to ride in the caboose. The car on which plaintiff was riding was not provided for the purpose of carrying laborers to and from work. There was room in the caboose for plaintiff. There were about twenty-five persons in the caboose; forty could have ridden therein. There was no evidence as to whether defendant had control or management of the hand-car that ran into the train. There is no evidence whether the men on the hand-car saw the train or its lights in time to have gotten off the track. The caboose was a proper place for plaintiff and his fellow laborers to have ridden. The plaintiff could not have known by the use of ordinary judgment that the caboose was the proper place for him to ride,

He did not know such fact. The train was running at slow speed. The headlight on the engine showed a very little above the top of the caboose. The train was entitled to a clear track. The headlight on the locomotive did not show over the top of the caboose. Defendant's general superintendent had not ordered that workmen ride in the caboose.

In vindication of the judgment appellee insists that the facts thus exhibited show: (1) Contributory negligence by appellant; (2) that the risk was one assumed by him. The first contention is supported by the citation of authorities in which contributory negligence was adjudged, the injured person having placed himself in a position so inherently dangerous as to leave no room for contrary inference,—on the pilot of an engine. *Warden* v. *Louisville, etc., R. Co.,* 94 Ala. 277, 14 L. R. A. 552; *Railroad Co.* v. *Jones,* 95 U. S. 439, 24 L. Ed. 506; *Griggs* v. *Houston,* 104 U. S. 553, 26 L. Ed. 840. On the deadwood of a freight car, holding to the brake-rod. *Coyle* v. *Pittsburgh, etc., R. Co.,* 155 Ind. 429.

Contributory negligence is ordinarily a question of law and fact, but, where only one inference can be drawn from the undisputed facts, then the question may become one of law for the court. *Louisville, etc., R. Co.* v. *Bean,* 9 Ind. App. 240; *Wortman* v. *Minich,* 28 Ind. App. 31; *Baltimore, etc., R. Co.* v. *Walborn,* 127 Ind. 142; *Louisville, etc., R. Co.* v. *Crunk,* 119 Ind. 542, 12 Am. St. 443.

The undisputed fact relied upon is that appellant, at the time of his injury, was voluntarily riding upon a flat car. The jury, by the general verdict as well as in answers to interrogatories, find that the flat car was not a dangerous place for the plaintiff to ride. If there is room for diversity of inference, this conclusion must be regarded. The train consisted of three flat cars, a caboose, and engine, in the order named. Much stress is laid upon the fact that in the accident the caboose was not derailed. That it, therefore, was the only safe place on the train can not be conceded.

Had the caboose been crushed by the engine, to which it was attached, the same logic would make the flat car the only safe place. It is difficult to select safe places before or during a railway collision; after the event it is not difficult to do so. Ordinarily, the rear car, farthest from the engine, is regarded as the safest part of the train. The rear car next to the engine is a different proposition; while the choice between an open and closed car, under such circumstances, is not one with regard to which any presumptions of law exist. The question was, whether a person of ordinary prudence would have done what appellant did. *Davis Coal Co. v. Polland,* 158 Ind. 607.

The conditions and circumstances were such as to require the consideration that was presumably given to them by the jury; and its verdict, finding appellant without contributory fault, is conclusive upon the question.

2. Risks assumed by the servant are divided into those incident to the employment undertaken, and those open to observation. *Wortman* v. *Minich, supra; Davis Coal Co. v. Polland, supra.*

It is not made to appear by the answers to interrogatories that the appellant knew, or by the exercise of ordinary inquiry ought to have known of the danger impending. As we understand the appellee's argument, its position is that the risk was one incident to the business in which he was engaged, *i. e.,* the construction of a railroad.

An employe can not recover on account of injuries received by reason of defects in the roadbed which he was employed to construct and make safe. *Baltimore, etc., R. Co.* v. *Welsh,* 17 Ind. App. 505; *Evansville, etc., R. Co.* v. *Henderson,* 134 Ind. 636; *Evansville, etc., R. Co.* v. *Henderson,* 142 Ind. 596; *Evansville, etc., R. Co.* v. *Barnes,* 137 Ind. 306; *Bedford Belt R. Co.* v. *Brown,* 142 Ind. 659; *Armour* v. *Hahn,* 111 U. S. 313, 4 Sup. Ct. 433, 28 L. Ed. 440.

The negligence charged in the complaint was not, however, founded upon a defect in the railroad which appellant

was assisting to construct. The master is charged with negligence in the running of a train of cars. It does not appear that the appellant had any duty in any wise connected with the operation of such train. He did not, by virtue of his employment, assume risks not connected with his work. *Brazil Block Coal Co.* v. *Hoodlet,* 129 Ind. 327-334.

Neither did he assume risks that might arise from the master's neglect and lack of ordinary care. It was the clear duty of the master to use reasonable care in running its trains. What constitutes such care may vary greatly according to the conditions, but the duty does not vary. The failure to exercise reasonable care to prevent injury to the servant furnishes a basis for an action. *Louisville, etc., R. Co.* v. *Graham,* 124 Ind. 89.

The extraordinary risk caused by the master's failure was not within contemplation or knowledge of the parties, and therefore is not assumed as a peril incident to the business. *Chicago, etc., R. Co.* v. *Richards,* 28 Ind. App. 46; *Pennsylvania Co.* v. *Witte,* 15 Ind. App. 583, 585; *Louisville, etc., R. Co.* v. *Sandford,* 117 Ind. 265.

No cross-errors are assigned, and we do not decide any question as to the sufficiency of the complaint.

The answers to interrogatories do not disclose facts irreconcilable with the general verdict.

From the whole record it appears that the ends of justice will be best subserved by a new trial. Judgment reversed, and cause remanded, with instructions to grant a new trial if applied for within thirty days, otherwise to render judgment on the general verdict.