## INDIANAPOLIS STREET RAILWAY COMPANY v. ANTROBUS.

[No. 4,879. Filed October 14, 1904.]

NEGLIGENCE.—*Street Railroads.*—*Injury of Child on Track.*—*Instructions.*— An instruction, in an action against a street railroad company to recover for the death of plaintiff's infant son, that if the motorman could have discovered the presence of the child on the track by proper care and diligence, and could have known the peril of his position in time to have avoided the injury to the child, it was his duty to do so, and his failure to do so would constitute negligence on the part of defendant company, is not objectionable as to the care required of the motorman, when considered in connection with another instruction to the effect that the motorman was required to use only ordinary care. *pp. 665-667.*

NEGLIGENCE.—*Injury of Child.*—*Non Sui Juris.*—Where, in an action against a street railroad company for the death of plaintiff's infant son, the complaint does not allege that the child was *non sui juris*, that question was not in issue and should not have been submitted to the jury. *p. 667.*

SAME.—*Action by Parent for Injury of Child.*—*Negligence of Parents.*—In an action by a parent for the death of his infant child, the negligence of the parents is a proper question for the consideration of the jury. *p. 668.*

From Marion Circuit Court (10,710); *Henry C. Allen,* Judge.

Action by Charles Antrobus against the Indianapolis Street Railway Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*F. Winter* and *W. H. Latta,* for appellant.

*W. N. Harding, A. R. Hovey* and *C. S. Wiltsie,* for appellee.

COMSTOCK, J.—On the 3d day of October, 1899, the appellee's son, a little less than seven years of age, was run over by a street car on South Meridian street, of the city of Indianapolis, Indiana, and instantly killed. The appellee sued the appellant for damages for the death of his son.

The charging part of the complaint is as follows: "The said street and track are straight for fully one-half mile, both to the north and to the south, from the point where said child was so struck, and said child was in full view of the servant of the defendant, who was in charge of said car while said car was running a distance of more than five hundred feet. Said car could easily have stopped within a distance of seventy-five feet. Continuously since it had operated cars in said street it had been, and it was then, the custom of said defendant, by its employes, to sound gongs attached to its said cars to warn persons crossing said street of the approach of said cars. As plaintiff's said child on said day attempted to cross defendant's aforesaid street railway track on South Meridian street, in said city, the defendant company so carelessly and negligently ran one of its cars at said point that the same was with

great force and violence, and at a high and unreasonable, careless and negligent, rate of speed, to wit, from twenty to twenty-five miles an hour, without the sound of any gong, or warning signal whatever to pedestrians of the coming or passing of said car, and without any reasonable attempt to stop the same, carelessly and negligently run against said child, knocking him down upon the pavement of said street, thereby mortally wounding him, from which wound and injuries he immediately died," etc.

The case was put at issue by an answer in general denial. At the close of the evidence the defendant moved for peremptory instructions in its favor. This motion the court overruled, and the case was submitted to the jury. The jury returned a general verdict in favor of the appellee for $1,500, and with said verdict returned answers to interrogatories.

The assignment of errors calls in question the sufficiency of the complaint, the action of the court in overruling the motion for a judgment upon the answers to interrogatories notwithstanding the general verdict, and the action of the court in overruling the motion for a new trial.

Exception is taken to the following language in instruction five, given to the jury: "If the motorman could have discovered the presence of the child upon the track by proper care and diligence, and could have known the peril of his position in time to have avoided the injury to the child, it was his duty to do so, and his failure to do so would constitute negligence on the part of the defendant company." It is claimed that the instruction is objectionable, first, because a motorman is not obliged to use any more care in looking for children and to discover their position than he is to look for other people. Whatever the motorman owes in the way of keeping watch is a general duty which he owes to all persons. Second, that the court had no right to assume that the child was in a perilous condition or could be seen by the motorman in a perilous condi-

tion. When the condition of the child became perilous was something to be determined· exclusively by the jury. It is further insisted against this instruction that it was not the duty of the motorman to avoid the injury as soon as he could have known the peril of the child's position; that he could only be required to use ordinary care both in finding out the position of the child and to avoid an accident. It is further claimed that the court in this instruction told the jury that the motorman was bound to avoid the accident, which may be to exercise the highest degree of care.

In passing upon this objection it is proper to consider this instruction in connection with the fourth given by the court. In the instruction last named it is said: "It is also the duty of those in charge of street cars to use ordinary care and diligence to prevent accidents to persons in the street, and on the appearance of danger to anyone on or near the track proper caution should be taken. If necessary to avoid injury, the car should be stopped as quickly as possible. And it is the duty of those in charge of such car to keep watch ahead of them, and see if anyone is in a place of danger, and give reasonable warning, by ringing the gong. or otherwise, when approaching a crossing, or when seeing any person or vehicle in a place of danger, so that injury to persons may be avoided; and at crossings it is their duty to keep watch to see if anyone is crossing or about to cross the track in front of such car, and in case anyone is crossing, or on or near the track in front of such car, to slacken the speed of the car, if possible, when necessary to avoid injury or collision. If the motorman in charge of defendant's said car saw the plaintiff's son on or so near the track that there was reasonable probability that an attempt to pass would result in a collision or an injury to plaintiff's son, the motorman had no right to make the experiment. In such a case it was his duty to stop the car, if he reasonably could have done so with the means at hand,

when he discovered that a collision was inevitable if he went on. If the motorman saw or knew, or by the exercise of ordinary care could have seen or known, of the plaintiff's perilous situation in time to have stopped the car by a reasonable use of the means at hand, in the reasonable exercise of care and caution by him suitable to the circumstances and the situation at the time, and thus have avoided a collision and an injury to the plaintiff's said son, it was his duty to have done so, and if he failed to do so the defendant should be held to be guilty of negligence. Each party is required in such a case to exercise the reasonable care of an ordinarily prudent person, as the court has explained, and either party, while exercising due care himself, has a right to assume that the other party would do the duty required of him, and he would have the right to act on that assumption." Considering these two instructions together, the jury were told that the motorman was required to use only ordinary care, and could not have been misled by the language complained of. *Elwood St. R. Co.* v. *Ross,* 26 Ind. App. 258.

The sixth instruction contained the following language: "If the child was incapable, by reason of its age and inexperience, of exercising ordinary care and discretion, it can not be charged with contributory negligence in going upon defendant's tracks." The complaint does not allege that the child was *sui juris* or *non sui juris;* that was a question for the jury. It is a rule that negligence can not be imputed to a child *non sui juris.* A child *sui juris* must exercise care in proportion to its years, knowledge, and intelligence. If it exercises such care, it is not chargeable with negligence; if it fails to exercise such care it is chargeable with negligence. "Incapacity is, however, a matter of fact, not a conclusion of law, and should be averred if relied on." *Citizens St. R. Co.* v. *Hamer,* 29 Ind. App. 426; *Cleveland, etc., R. Co.* v. *Klee,* 154 Ind. 430. The complaint is based upon appellant's negligence. It does not

allege that the child was *non sui juris.* That question then was not in issue.

Said instruction also contains the following language, of which complaint is made: "If, however, you find that the child was capable of exercising care and discretion, you will not consider any question relating to the parents' care of the child." If the child were the plaintiff, the negligence of the parent would not be imputed to it; but the father is the plaintiff, and seeks to recover because of the negligence of the defendant. In such case the negligence of the parent is a proper question for the consideration of the jury. "Where the doctrine of imputed negligence prevails, or where the parent is suing in his own right for an injury to his child, then the question of the measure of care which the parent, guardian, or custodian of the child is bound to exercise for its protection, becomes important." Thompson, Negligence (2d ed.), §321.

"In states where the rule of imputed negligence is not applied, it is nevertheless necessary that the parent, in order to recover damages for the death of a child from the wrongful act of the defendant, should be free from negligence proximately contributing to the child's injury. The propriety of the rule will not be questioned, as the negligence which operates as a defense in such cases is purely the contributory negligence of the plaintiff in the case, or that of some person duly authorized by the plaintiff to have charge of the child, whose negligence, upon familiar principles, must be held to be that of the plaintiff." Thompson, Negligence (2d ed.), §330. See numerous cases cited in the foot notes under said sections. See, also, *Alabama, etc., R. Co.* v. *Dobbs,* 101 Ala. 219, 12 South. 770; *St. Louis, etc., R. Co.* v. *Freeman,* 36 Ark. 41; *Holt* v. *Spokane, etc., R. Co.,* 4 Ida. 443, 40 Pac. 56; *City of Pekin* v. *McMahon,* 154 Ill. 141, 39 N. E. 484, 27 L. R. A. 206, 45 Am. St. 114; *Jeffersonville, etc., R. Co.* v. *Bowen,* 49 Ind. 154; *Evansville, etc., R. Co.* v. *Wolf,* 59 Ind. 89; *Foley* v. *New*

*York, etc., R. Co.,* 28 N. Y. Supp. 816; *Kreig* v. *Wells,* 1 E. D. Smith (N. Y.) 74; *Glassey* v. *Hestonville, etc., R. Co.,* 57 Pa. St. 172; *Pennsylvania Co.* v. *James,* 81½ Pa. St. 194; *Smith* v. *Hestonville, etc., R. Co.,* 92 Pa. St. 450, 37 Am. Rep. 705. Said sixth instruction was erroneous.

The question of the sufficiency of the complaint is not discussed, and is therefore waived.

The jury answered sixty-three interrogatories. These answers support the general verdict as to appellant's negligence. Had the deceased been an adult, it would be difficult, if not impossible, upon the facts found, to escape the conclusion that he was guilty of negligence proximately contributing to his death. He made no attempt to discover or to avoid the danger, which was easily apparent. In view of the pleading and error in the instruction it seems that the cause of justice may be best subserved by a new trial. The judgment is therefore reversed, and the trial court directed to sustain appellant's motion for a new trial, and for other proceedings not inconsistent with this opinion.

After the case had been briefed for appellant the record of the trial court upon motion for *nunc pro tunc* entry was changed. To this proceeding appellant objected and excepted. For the purpose of this appeal, and without passing upon appellant's exception, we have treated the amendment as properly made.