INDIANAPOLIS TRACTION & TERMINAL COMPANY *v.*
BECKMAN.

[No. 5,983.   Filed April 26, 1907.]

1. STREET RAILROADS.—*Passengers.—Riding on Seats.—Contributory Negligence.*—Passengers, riding on the seats provided in a summer car, cannot be held guilty of contributory negligence as a matter of law, where the car in rounding a curve hurls them from the seat to the ground and runs over them. p. 102.

2. NEGLIGENCE.—*Contributory.—How Determined.*—Whether a person was guilty of contributory negligence must be determined from the conditions known before the happening of the accident. p. 103.

3. STREET RAILROADS.—*Passengers. — Contributory Negligence. —* Where a passenger is injured. while in his proper place in the street-car, the question of contributory negligence does not arise. p. 103.

4. DAMAGES.—*Infants.—Question for Jury.*—The amount of damages recoverable by the parent for the death of a seven-year-old boy is largely a question for the jury, no mathematical computation being possible. p. 103.

5. SAME.—*Excessive.*—A verdict of $1,000 in favor of a parent for the loss of a seven-year-old boy does not show prejudice, partiality or improper motive on the part of the jury, and is not excessive. p. 104.

6. TRIAL.—*Instructions.—Damages.—Confining to Evidence.—Experience of Jurors.*—An instruction, in a personal injury case, confining the jury, in estimating damages, to the evidence and to their experience as men, is not erroneous. p. 104.

7. SAME.—*Instructions.—Confining to Evidence.*—Where the instructions repeatedly confine the jury to the evidence in arriving at their verdict, the fact that an incorrect phrase is used in one instruction, is not misleading. p. 104.

8. SAME.—*Instructions.—Infants.—Capacity.—Issues.*—Instructions submitting to the jury the question whether an infant, who was killed by defendant street railroad company, was *non sui juris*, are erroneous, where the pleadings presented no issue on such fact. p. 105.

9. SAME.—*Instructions.—Outside Questions. — Infants. — Contributory Negligence.*—The giving of an instruction, in a personal injury case, submitting to the jury the question whether the infant, killed by defendant, was *non sui juris*, is not reversible error, where there was no evidence tending to show that the child did not use ordinary care for one of its age. p. 105.

From Marion Circuit Court (13,141) ; *Henry Clay Allen,*
Judge.

Action by Frank H. Beckman against the Indianapolis Traction & Terminal Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*F. Winter* and *W. H. Latta,* for appellant.
*A. G. Smith* and *Bernard Korbly,* for appellee.

Roby, P. J.—Action by appellee. His complaint was in one paragraph, the substance being that his infant son, Leo Beckman, was a passenger upon a street-car operated by appellant in the city of Indianapolis, and that its employes negligently ran said car around a curve on its track so as violently to throw said child from the car, the wheels of which ran upon and killed him. The answer was a general denial, the issue was submitted to a jury, and a verdict for $1,000 returned against appellant, together with answers to interrogatories. Its motion for a new trial was overruled and judgment rendered upon the verdict. The assignment of error is that the court erred in overruling said motion. The first two grounds stated for a new trial are that the verdict is not sustained by sufficient evidence and is contrary to law. The facts established by the evidence are that appellee's wife, with her three children, entered appellant's car at Fairview Park, at about 4 o'clock p. m. August 18, 1903, having spent the afternoon at said park in company with her children, her husband's niece and her child. Leo was seven years and two months of age, and the oldest of the children. The party occupied the first seat back of the motorman, facing forward, in the following order: Mrs. Opperman, the niece, on the right-hand side, her little girl next to her, Mrs. Beckman's youngest child, Mrs. Beckman, her older girl, and Leo, the latter sitting on the end of the seat next to the wire screen designed to protect passengers, but which did not reach to the floor of the car. The car was an ordinary summer car. It was running with such speed that, in going around an abrupt curve, the child was thrown from his seat, under the wire screen to the ground, run over,

and killed.  He was occupying the seat in the usual way, was sitting still, and it is not suggested that he did or failed to do anything which negligently contributed to his injury.  The passengers in the car, adults and children, were severely shaken by its movement, and, so far as the charge of negligence against appellant is concerned, the verdict is fully supported.  The contention is, however, that the mother was contributorily negligent in permitting the child to sit at the end of the seat next to the screen, and in looking after the "little ones" instead of giving attention to him; that if she had sat at the end of the seat, putting all the children between herself and the niece, Leo could not have been thrown out of the car; that the crowded condition of the car did not compel the boy to sit on the end of the seat; that appellant did not require him to sit there, and that a person of ordinary prudence would not have permitted him to do so.

There have been a great many cases decided in which it has been contended that the passenger was negligent in selecting a place to ride, not provided for such use, as, for instance, the platform of a summer-car (*Ft. Wayne Traction Co.* v. *Hardendorf* [1905], 164 Ind. 403), the platform of a cable-car, with back against the dashboard (*North Chicago St. R. Co.* v. *Baur* [1899], 179 Ill. 126, 53 N. E. 568, 45 L. R. A. 108), on the outside of a dummy (*Hawkins* v. *Front St. Cable R. Co.* [1892], 3 Wash. 592, 28 Pac. 1021, 28 Am. St. 72, 16 L. R. A. 808), the platform of a street-car (*Upham* v. *Detroit City R. Co.* [1891], 85 Mich. 12, 48 N. W. 199, 12 L. R. A. 129).  See, also, *Barley* v. *Southern Ind. R. Co.* (1903), 30 Ind. App. 406, 410; 3 Thompson, Negligence (2d ed.), §2942 *et seq.*  The facts herein do not present a case of the class indicated.  The seats were all intended for use by the passengers.  *Willis* v. *Long. Island R. Co.* (1866), 34 N. Y. 670; 2 Shearman & Redfield, Negligence (5th ed.), §523, note 2.

Had the car been operated with ordinary care all the per-

sons would have been perfectly safe. It is difficult to select safe places before the accident, but after the event it is not difficult to tell what was safe or to point out what was dangerous. The quality of the act of the person who is charged with contributory negligence depends upon conditions known to him before the accident occurs. The location of the child, in view of the accident which did occur, can now be seen to have been dangerous, but in some other accident which might have taken place it might have proved to be the only safe place in the car. *Barley* v. *Southern Ind. R. Co., supra.*

In *Louisville, etc., R. Co.* v. *Snyder* (1889), 117 Ind. 435, 437, 3 L. R. A. 434, 10 Am. St. 60, the Supreme Court stated the applicable rule as follows: "There was no evidence of contributory negligence on the part of the appellee, and the court might well have refused any instruction upon that point. Where a passenger is in his proper place in the car, and makes no exposure of his person to danger, there can be no question of contributory negligence."

The third ground stated for a new trial is that the damages assessed are excessive. The rule for the assessment of damages in cases of this class is well settled. *Southern Ind. R. Co.* v. *Moore* (1904), 34 Ind. App. 154. These elements in the case of a child seven years and two months of age cannot be determined by a mere mathematical computation. "When the circumstances of the case afford a safe standard by which the compensation in damages can be measured, such standard should be given to the jury by stating the reasonable limits within which these calculations should be confined. * * * Where no reliable standard can be laid down for the measurement of damages much must be left to the judgment of the jury and their finding will not be disturbed unless it is such as to show that it is the result of prejudice or passion." 4 Sutherland, Damages (3d ed.), §1274; *Louisville, etc., R. Co.* v. *Rush*

(1891), 127 Ind. 545; *City of Wabash* v. *Carver* (1891), 129 Ind. 552, 557, 13 L. R. A. 851. The verdict, compared with other verdicts in other cases, is not noticeably large. 6 Thompson, Negligence (2d ed.), §7104, and cases collected in notes.

5. As, however, nothing appears to induce the belief that the jury must have acted from prejudice, partiality or other improper motive in the assessment of damages, we cannot disturb the verdict.

6. Instruction 13, given by the court of its own motion, related entirely to the measure of damages, and stated the law relative thereto with accuracy and distinctness. It contained the following expression: "The proper measure of damages is that sum which, under the evidence and your common experience as men, would be the value," etc. Damages are to be assessed from a consideration of the evidence, and an instruction authorizing the assessment of damages upon facts not shown by the evidence is erroneous. *American Car, etc., Co.* v. *Clark* (1904), 32 Ind. App. 644. Jurors in weighing evidence of necessity take counsel from their own experience which qualifies them for the place. *Cincinnati, etc., R. Co.* v. *Cregor* (1898), 150 Ind. 625; *Jenney Electric Co.* v. *Branham* (1896), 145 Ind. 314, 33 L. R. A. 395.

7. The thirteenth instruction given at appellant's request also relates to the assessment of damages, and, taken in connection with the one given by the court of its own motion, left nothing uncertain. The phrase used by the court in the thirteenth instruction given on its own motion, was incorrectly used, but "in every part of the charge, and repeatedly in this instruction, the jury were told that everything done by them must be done 'under the evidence,' and they could not have understood that, in assessing the plaintiff's damages, they could go outside of the evidence." *Indianapolis St. R. Co.* v. *Robinson* (1901), 157 Ind. 414.

Whether the child was *non sui juris* was left to the jury, the eleventh and twelfth instructions given by the court

8.  of its own motion relating to that subject.  No issue of the child's being *non sui juris* was tendered by the complaint or made by the pleadings.  In the absence of such issue the subject was irrelevant and the instructions erroneous.  *Indianapolis St. R. Co.* v. *Antrobus* (1904), 33 Ind. App. 663; *Citizens St. R. Co.* v. *Hamer* (1902), 29 Ind. App. 426, 433; *Cleveland, etc., R. Co.* v. *Klee* (1900), 154 Ind. 430.

The error is not a reversible one, however, for the reason that there is nothing in the evidence tending to show that

9.  the child did not exercise such prudence as is ordinarily possessed by one of his age.  *Keller* v. *Gaskill* (1894), 9 Ind. App. 670.  Indeed there is nothing in the evidence tending to show negligence, judged by the standard of care required of an adult.

Judgment affirmed.