## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 07 2018, 7:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marcia J. Cossell
Lee Cossell & Crowley, LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
MORGAN COUNTY SHERIFF'S
DEPARTMENT

Daniel M. Witte
Travelers Staff Counsel Indiana
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
MADISON TOWNSHIP FIRE
DEPARTMENT

David L. Ferguson
Megan J. Schueler
Ferguson Law
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Darren and Shelley Clayton, Individually and as Next Best Friends of Kinser Clayton,

*Appellants-Petitioners,*

v.

Morgan County Sheriff's Department and Madison Township Fire Department,

March 7, 2018

Court of Appeals Case No. 55A01-1708-CT-1920

Appeal from the Morgan Circuit Court

The Honorable Matthew G. Hanson, Judge

Trial Court Cause No. 55C01-1509-CT-1554

*Appellees-Respondents*

**Baker, Judge.**

Darren Clayton (Father) and Shelley Clayton (Mother) appeal the trial court's order granting summary judgment in favor of the Morgan County Sheriff's Department (the Sheriff's Department) and the Madison Township Fire Department (the Fire Department) on the Claytons' claims arising from the tragic death of their fifteen-month-old son, Kinser Clayton. The parties raise multiple issues, but we find one dispositive—whether Father was contributorily negligent in his son's death. Finding that he was, and that as a result both parents are barred from recovering from these governmental entities, we affirm.

## Facts

On September 15, 2014, Father was at the family home with his son, Kinser, and Kyra, the parents' seven-year-old daughter; Mother was at work. Father worked from home in his garage and usually had Kinser secured in a play area in the garage while he worked. On the afternoon in question, Father intended to do some work that might have been dangerous for Kinser had he been in the garage. Therefore, after Kyra came home from school, Father removed Kinser from the garage and took him into the house, leaving him there with Kyra. Father left the house and garage doors open so that he could maintain a line of sight and hear what the children were doing; he also physically checked on the children approximately every ten minutes.

[3]     At some point that evening, about ten minutes after his previous check of the children, Father went into the house to check on them again. Kinser was not in the play area. Father ran through the house looking for Kinser for about one and one-half minutes. He then went outside, where he found Kinser floating in the family's swimming pool, unresponsive.

[4]     Father took Kinser out of the water and called 911, which is operated by the Sheriff's Department. During the call, Father repeatedly requested guidance for conducting CPR on his son. He was not given any guidance until approximately three minutes into the call and it is alleged that the guidance he was ultimately given was faulty. The Fire Department was dispatched to the scene. Firefighters and paramedics employed by the Fire Department arrived at the home and continued CPR, remaining onsite for about seven minutes before transporting Kinser to a hospital. The parents claim that the treatment provided by the Fire Department employees was negligent. Kinser was later pronounced dead at the hospital.

[5]     On January 7, 2015, the parents provided a Tort Claim notice to the Fire Department and the Sheriff's Department under the Indiana Tort Claim Act (ITCA). The Tort Claim notice listed Mother and Father as "parents and best friends" of Kinser and "demand[ed] compensation commensurate with the child's damages." Appellants' App. Vol. III p. 9-10.

[6]     On September 8, 2015, the parents filed a complaint against the Fire Department and the Sheriff's Department, raising the following claims

sounding in negligence: (1) failure to train emergency operators or inadequate training and supervision against the Sheriff's Department; (2) failure to follow protocol against both defendants; (3) negligence against both defendants; and (4) negligent infliction of emotional distress against both defendants. Appellants' App. Vol. VII p. 107-112.

[7]     On June 8, 2016, the Sheriff's Department filed a motion for summary judgment, and on January 31, 2017, the Fire Department filed a motion for summary judgment. The parents opposed both motions. Following briefing and a hearing, the trial court granted both summary judgment motions on July 28, 2017. Among other things, the trial court found that the parents' own contributory negligence barred their recovery. The parents now appeal.

## Discussion and Decision

[8]     Our standard of review on summary judgment is well established:

> The party moving for summary judgment has the burden of making a prima facie showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Reed v. Reid*, 980 N.E.2d 277, 285 (Ind. 2012). Once these two requirements are met by the moving party, the burden then shifts to the non-moving party to show the existence of a genuine issue by setting forth specifically designated facts. *Id.* Any doubt as to any facts or inferences to be drawn therefrom must be resolved in favor of the non-moving party. *Id.* Summary judgment should be granted only if the evidence sanctioned by Indiana Trial Rule 56(C) shows there is no genuine issue of material fact and that the moving party deserves judgment as a matter of law. *Freidline v. Shelby Ins. Co.*, 774 N.E.2d 37, 39 (Ind. 2002).

*Goodwin v. Yeakle's Sports Bar and Grill, Inc.*, 62 N.E.3d 384, 386 (Ind. 2016).

[9] The parties raise, and the trial court considered, multiple arguments. But we find one to be dispositive: whether the parents' own contributory negligence operates as a bar to their recovery.

[10] As our Supreme Court has noted, "[i]n 1986, the General Assembly altered Indiana's common law by adopting comparative fault as the general rule for negligence actions." *McSwane v. Bloomington Hosp. and Healthcare Sys.*, 916 N.E.2d 906, 911 (Ind. 2009). The legislature specifically excluded certain claims from this alteration, including tort claims against governmental entities or public employees.[1] Ind. Code § 34-51-2-2. For such claims, "[a] plaintiff's contributory negligence operates as a complete bar to recovery." *McSwane*, 916 N.E.2d at 911. Under contributory negligence, "a claimant whose own negligence was even slightly causal is barred from recovery. A court should find a plaintiff contributorily negligent if her conduct falls below the standard to which she is required to conform for her own protection." *Id.* If only one reasonable inference or conclusion can be drawn from the evidence, the question of contributory negligence is a question of law for the court. *Id.*

[11] The parents first point out that it is well established that a child under the age of seven years old cannot be found contributorily negligent. *Creasy v. Rusk*, 730 N.E.2d 659, 662 (Ind. 2000). While this is undeniably true, it is also inapposite.

---

[1] It is undisputed that the Sheriff's Department and the Fire Department are governmental entities.

What we must consider here is the *parents'* contributory negligence, not the *child's*. *See City of Evansville v. Senhenn*, 151 Ind. 42, 47 N.E. 634, 634 (1897) (noting that a parent's contributory negligence does not bar recovery by a child for the child's injuries, but a parent's contributory negligence to his own recovery after his child's injury or death does operate as a bar); *Sheridan v. Siuda*, 150 Ind. App. 395, 406-08, 276 N.E.2d 883, 889-90 (1971) (same); *Indianapolis St. Ry. Co. v. Antrobus*, 33 Ind. App. 663, 71 N.E. 971, 972 (1904) (holding that "[i]f the child was the plaintiff, the negligence of the parent would not be imputed to it; but the father is the plaintiff, and seeks to recover because of the negligence of the defendant," so the parents' negligence was a proper consideration).

[12] As the *Sheridan* Court noted, "'It is the duty of a parent or other person having the care, custody, and control of a child to exercise ordinary care for its safety, and, where failure to do so contributes proximately with the negligence of third persons to cause injury to the child, such parent, or other custodian, is guilty of contributory negligence . . . .'" *Sheridan*, 150 Ind. App. at 408, 276 N.E.2d at 890 (quoting 67 C.J.S. Parent and Child § 46). In the case before us, although the parents correctly point out that there are multiple issues of fact that are in dispute, the following facts are undisputed:

- Father is Kinser's parent.
- At the time of Kinser's death, Father was the only adult custodian present in the home.
- Father put fifteen-month-old Kinser inside the house with seven-year-old Kyra while Father remained out in the garage.

- Father did not ensure that the children had no access to the family's swimming pool. Father assumes that Kinser got out of the house through a door that Father had propped open. Appellants' App. Vol. III p. 54.
- While Kinser was unsupervised, he exited the house and ended up drowning in the pool.

We find that only one reasonable inference can be drawn from these undisputed facts, which is that Father was contributorily negligent as a matter of law. As such, he is barred from any recovery on these claims.

As to Mother, the Seventh Circuit Court of Appeals has considered whether (under Indiana law) one parent's contributory negligence leading to a child's injuries operates as a bar to recovery by the other parent. *Gillam v. J. C. Penny Co.*, 341 F.2d 457 (7th Cir. 1965). After a lengthy analysis of caselaw and legal treatises, the *Gillam* Court found that it does bar recovery. *Id.* at 463 (citing, among other things, *Beasley v. United States*, 81 F. Supp. 518 (E.D.S.C. 1948), which found that the "relationship of husband and wife and of parents and child are so closely and intimately connected that I think it fair to impute to the mother the knowledge and contributory negligence of the father"; the *Gillam* Court also concluded that "under Indiana law, contributory negligence by [mother] would bar the recovery in the suit brought by her husband for loss of [their child's] services and medical expenses"). Consequently, Father's contributory negligence also acts as a bar to Mother's right to recover.

[14] This family has had to deal with an unimaginable tragedy, which we in no way intend to minimize. Nor do we intend to cast blame or judgment on Father. But given this State's contributory negligence rules, we are compelled to affirm.

[15] The judgment of the trial court is affirmed.


Riley, J., and Brown, J., concur.